**Laverne G. HANSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–367.

United States Court of Veterans Appeals.

March 27, 1996.

**30**

Laverne G. Hanson, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and Joan E. Moriarty, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

HOLDAWAY, Judge:

Laverne G. Hanson appeals a September 30, 1994, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to an effective date prior to August 12, 1991, for a grant of service connection and compensation for posttraumatic stress disorder (PTSD). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will remand in part and will affirm that part of the Board's decision which denied the appellant entitlement to an effective date retroactive to 1984.

**I. FACTUAL BACKGROUND**

The appellant served in the United States Army from November 1951 to August 1953 and received the Korean Service Medal. Record (R.) at 12. His service medical records apparently were destroyed. In February 1984, he filed VA Form 21–526, Veteran's Application for Compensation or Pension, attaching thereto a personal statement and statements from his siblings. VA properly construed the attached statements as an application making claims for PTSD and right ankle disability and scheduled him for an evaluation. On May 15, 1984, the social worker assigned to perform the PTSD portion of the evaluation made a Report of Contact quoted below in its entirety.

> Mr [sic] Hanson apparently was scheduled in error for a PTSD evaluation. He appeared for such an evaluation on 5/15/84 with me. He tells me that he has no emotional problems & he did not apply for such a disability. His prime concern is his ankle, which he claims he injured while in Korea. He wishes to pursue a disability for his ankle only.

R. at 25. Accordingly, no PTSD evaluation was conducted in 1984. In June 1984, consistent with the statement quoted above, his right ankle was examined by several VA doctors and a special orthopedic examination was conducted. R. at 27–31. In a rating decision dated November 15, 1984, the regional office (RO) denied service connection for right ankle injury. Disability from PTSD was not mentioned in that adjudication. R. at 34, 36.

The appellant filed a Notice of Disagreement (NOD) to appeal the RO decision. His NOD is general in nature and did not specifically mention PTSD nor contend that the PTSD disability should have been adjudicated. R. at 38. The appellant was sent a Statement of the Case (SOC) containing the single claim of "[s]ervice connection for residuals of right ankle injury." R. at 42, 38–43. There is no contemporaneous evidence in the record nor does the appellant now contend that he made a substantive appeal following the issuance of the SOC.

The appellant sent a letter dated May 24, 1991, to the President of the United States describing his military service, his treatment by VA, his ankle injury, and his "delayed shock syndrome." R. at 46–47. The letter was date stamped on June 28, 1991, by the VA Office of Executive Communications, which is a part of the Veterans Health Administration (VHA). The letter was then forwarded from the Office of Executive Communications to the Compensation and Pen-

sion Service of the Veterans Benefits Administration (VBA) on a date that cannot be determined because the date on the routing slip has a hole punch mark over the month numeral. R. at 45. The VBA forwarded the letter to the appellant's local RO, where it was received on August 12, 1991. The RO treated the letter to the President as an attempt to reopen his claim for right ankle disability and as a new claim for PTSD. In 1992, the RO found that no new and material evidence had been submitted to reopen the ankle claim; however, the RO granted service connection for PTSD at a 10% rating and assigned as the effective date August 12, 1991, which was the date the letter to the President had been received by the RO. R. at 63, 73.

The appellant sought review by the BVA and an earlier effective date. R. at 104–05. A Board decision issued on September 30, 1994, found that the appellant filed a claim for PTSD in February 1984, but that he withdrew the claim in May 1984. The Board also found that his current PTSD claim was received by the RO on August 12, 1991, and thus that an award of an earlier effective date was not warranted. The Board did not review the ankle claim although it was raised by the appellant in his appeal to the Board. R. at 105. In his informal brief before the Court, the appellant has raised both ankle and PTSD claims. As to the PTSD claim, he contends that he was wrongfully denied PTSD status in 1984 and that the effective date should be in 1984 when he first filed a claim for PTSD.

## II. ANALYSIS

The Secretary concedes that the appellant reasonably raised the ankle disability claim in his appeal to the Board and that the Board should have addressed the claim for the right ankle injury. Secretary's Brief (Br.) at 10. The Secretary has moved for a remand of that issue and the Court agrees such remand is proper.

As to the PTSD claim filed in 1991, the Secretary concedes that the Board should have considered whether an effective date earlier than August 12, 1991, is warranted under 38 U.S.C. § 5110(a) and 38 C.F.R.

§ 3.400 (1994), as the letter to the President was in the possession of the VHA and VBA before it reached the RO on August 12, 1991. Secretary's Br. at 9–10. On remand the Board should discuss the application of these provisions to circumstances where a claim is forwarded to the RO from other sections of VA.

The Secretary does contest an effective date based on the 1984 claim. The Court agrees with the Secretary. The statutory provisions controlling the effective dates of awards are contained in 38 U.S.C. § 5110. Under 38 U.S.C. § 5110(a), "the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." The implementing regulation, 38 C.F.R. § 3.400, similarly states that the effective date "will be the date of receipt of the claim or the date entitlement arose, whichever is the later."

 The issue, boiled down to its essentials, is whether there remained a viable claim for PTSD in 1984 upon which an effective date could be anchored. Both parties agree that the appellant made a claim for PTSD in his 1984 application for benefits. Normally, once a veteran files a claim, the claim remains open and pending until final action is taken by the RO. *See Meeks v. Brown,* 5 Vet.App. 284, 287 (1993) (holding a "1970 rating decision was not a final decision and [case] remains pending"); 38 C.F.R. § 3.160(c) (1995) (defining a pending claim as "[a]n application, formal or informal, which has not been finally adjudicated"). However, when a claim is withdrawn by a veteran, it ceases to exist; it is no longer pending and it is not viable. The appellant now contends that he did not withdraw his PTSD claim and argues in effect that the unadjudicated claim he originally filed is still open. If he is correct (assuming, without deciding, that there was evidence submitted with the first claim sufficient to support an award of service connection and a 10% rating, *see Gilbert v. Derwinski,* 1 Vet.App. 49, 54 (1990) ("when a veteran seeks benefits and the evidence is in relative equipoise, the law dictates that

**32**

[the] veteran prevails"); 38 C.F.R. § 4.132, Diagnostic Code 9411 (entitlement to a 10% rating requires "[l]ess than criteria for the 30 percent, with emotional tension or other evidence of anxiety productive of mild social and industrial impairment")), the proper effective date for his PTSD rating would be the date his first claim was received, rather than the date his second claim was received. *See* 38 U.S.C. § 5110; 38 C.F.R. § 3.400. The Board, however, found that the February 1984 claim was withdrawn by the veteran.

The Court has not previously established the standard of review employed in reviewing a Board determination that an earlier claim was withdrawn at the RO level. While there are provisions in 38 C.F.R. § 20.204 (1995), and in its predecessor 38 C.F.R. § 19.125(c) (1984), concerning the necessary formalities for the withdrawal of an NOD or substantive appeal, *see Verdon v. Brown*, 8 Vet.App. 529, 533–34 (1996); *Isenbart v. Brown*, 7 Vet.App. 537, 541 (1995); *AB v. Brown*, 6 Vet.App. 35, 39 (1993), there is no regulation governing the withdrawal of a claim when it is still before the RO. The filing of a claim is, of course, a voluntary act. Veterans are as free to withdraw claims as they are to file them. When claims are withdrawn, they cease to exist.

 A Board determination of the proper effective date is a finding of fact, and findings of fact are reviewed by the Court under a "clearly erroneous" standard. *See Scott v. Brown*, 7 Vet.App. 184 (1994); *Quarles v. Derwinski*, 3 Vet.App. 129 (1992); *Gilbert, supra*. Insofar as the effective date depends on the viability of a previously filed claim, the question of whether a claim was withdrawn is one of the issues that need be resolved in determining the effective date. In this case, the question whether the claim was withdrawn is one of fact, as there is no indication that the veteran was misguided or lacked understanding of the consequences of his actions. In order to determine the effective date in this case, the Board was required to determine factually whether the February 1984 PTSD claim had been withdrawn. The Board did so and in the process considered all the evidence available to it germane to that issue. A finding of fact is clearly erro-

neous when "although there is enough evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Gilbert*, 1 Vet.App. at 52. "[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA, [the Court] cannot overturn them." *Id.* at 53.

 We find the Board determination that the appellant withdrew his PTSD claim in 1984 has a plausible basis in the record. It is supported chiefly by a "Report of Contact" contemporaneously prepared by the social worker assigned to evaluate the appellant for PTSD. No motive has been advanced, nor can one be imagined, as to why this individual would have falsified information. As the Board noted, other contemporaneous circumstances support the finding that the PTSD claim was withdrawn. A physical examination was conducted in 1984, but no psychological evaluation was conducted at that time. The RO adjudicated only the ankle claim, and the appellant did not object to the Board's not adjudicating another issue. He did not mention PTSD in his NOD, and the SOC issued in response focuses only on the ankle issue. There is no record of a contemporaneous objection by the appellant to the VA's not adjudicating a PTSD claim. This evidence of record provides, at the least, a plausible basis for the Board's finding that the appellant withdrew his February 1984 PTSD claim; therefore, the Board's decision denying the appellant entitlement to an effective date retroactive to 1984 is not clearly erroneous. That portion of the BVA decision will be affirmed.

### III. CONCLUSION

Accordingly, the September 30, 1994, decision of the Board is AFFIRMED in part and VACATED in part and a matter is REMANDED for proceedings consistent with this opinion.