LANCE, Judge, filed a dissenting opinion.
LANCE, Judge, dissenting:
I believe that the Court’s original opinion was correct and should stand. Therefore, I must dissent. The new majority’s opinion upon reconsideration is flawed in both application and analysis. In application, the Board should not be permitted another opportunity to dismiss the claims that it did not properly dismiss the first time. I fear that in two years the Court will be reversing another improper dismissal and remanding these claims for a *19 decision on the merits that is already overdue. More importantly, the analysis in the new opinion is hopelessly muddled and will lead to rampant confusion in future cases as to how the Board should approach these issues.
The essential flaw in this new opinion is that fails to differentiate between the requirements for a valid Substantive Appeal and the requirements for a valid withdrawal of an appeal. The result is an opinion that seriously undermines our recent en banc decision in Ortiz v. Shinseki, 28 Vet.App. 353 (2010) (en banc). In Ortiz, we clearly held that a mere expression of intent is not enough to satisfy the Substantive Appeal requirement. Id. at 357. Yet, the current opinion discusses the “ambiguity” as to whether the appellant intended to appeal all issues as if that mattered in determining whether the Board’s dismissal was proper. It simply does not. As the majority notes, the Board decision on review held that “the veteran has not filed a [S]ubstantive [A]ppeal for the other issues.” R. at. 4. The correctness of this determination cannot be measured by the appellant’s intent but only by examining whether the requirement to “set[ ] forth— however inartfully — a particular theory of error” was satisfied or waived. Ortiz, 23 Vet.App. at 357.
In this case, there is no question that the appellant did not offer any argument, inartful or otherwise, as to the claims in dispute. He merely checked Box A on VA Form 9, which states: “I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME.” R. at 309. Thus, the question of whether the Substantive Appeal requirement was satisfied turns on the issue of whether checking this box was an acceptance of an offer by the Secretary to waive the argument requirement.
In my view, the only reasonable interpretation of Box A is that it is an offer to waive the argument requirement. As a legal matter, such an interpretation is consistent with both the claimant-friendly nature of the veterans benefits system, see Henderson v. Shinseki, — U.S. -, 131 S.Ct. 1197, 1200, 179 L.Ed.2d 159 (2011) (reiterating that VA’s adjudicatory process is meant to function with a high degree of informality and solicitude for the claimant), and the more general principle that ambiguity in a document should be construed against the drafter, see E.L. Hamm & Associates, Inc. v. England, 379 F.3d 1334, 1341-42 (Fed.Cir.2004) (discussing the contract interpretation rule of contra proferentem, which states that ambiguity is generally construed against the drafter of a contract). As a practical matter, a veteran would be completely shocked to check this box in a case and then to receive a Board decision dismissing his appeal for failure to state an argument.
The majority opinion spends a lot of time trying to decipher the effect that should be accorded to the specific arguments that the appellant makes in box B of the form. The correct answer is none. The appellant’s specific arguments cannot alter the meaning of box A. The meaning of that box is necessarily uniform in every case where that Form 9 is used and the appellant’s choice to add arguments in box B cannot magically turn box A into something other than an offer to waive the argument requirement. By giving weight to the appellant’s additional arguments in interpreting box A, the majority implies that the meaning of the pre-printed language in the Secretary’s form is not fixed, but varies depending upon how the form is filled out. This is simply inconsistent with bedrock principles of law. Cf Tropf v. *20 Nicholson, 20 Vet.App. 317, 321 n. 1 (2006) (“Without standard word meanings and rules of construction, neither Congress nor the Secretary can know how to write authorities in a way that conveys their intent and no practitioner or — more importantly — veteran can rely on a statute or regulation to mean what it appears to say.”). Thus, the new majority opinion errs to the extent that the confusing new analysis implies that box A on this version of VA’s Form 9 is not a waiver of the argument requirement in this case or in general.
There is arguably a separate issue of whether the appellant abandoned his appeal. As the majority opinion notes, this was not the holding of the Board decision and the Secretary is raising this issue for the first time on appeal. Op. at 13. That could easily be the end of the matter. Even if we were to entertain this argument, our case law is clear that the appellant’s actions were not sufficient to withdraw these claims. See Kalman v. Principi, 18 Vet.App. 522, 524 (2004) (reversing Board finding that claimant withdrew his appeal where his statement regarding the “only issue remaining,” in context, referred to resolving the location of a video hearing and not limiting the issues on appeal); Verdon v. Brown, 8 Vet.App. 529, 533 (1996) (setting aside Board finding that claimant withdrew his appeal where (1) the claimant’s letter to his service representative stated he had “come to an agreement” in regard to the disability rating for his right leg, and (2) the service representative’s presentation to the Board omitted mention of the right leg rating, but (3) the presentation of the claimant’s other service representative mentioned the right leg rating); Isenbart v. Brown, 7 Vet.App. 537, 541 (1995) (finding that, where claimant enumerated certain issues and stated that there are “no additional issues” at hearing, Court found that “these few words spoken orally” did not provide “the formality or specificity that withdrawal of [a Notice of Disagreement] requires.”). Therefore, remanding this matter for the Board to provide additional reasons or bases on an issue where the record is clearly insufficient to support a finding against the appellant merely risks needless delay and an unnecessary appeal to this Court in the future.
Finally, I note that this new opinion adds some additional discussion of the Board’s procedures for notifying appellants of potential jurisdictional problems and giving them an opportunity to respond. Op. at 12 (discussing 38 C.F.R. § 20.101(d) (2011)). Although these procedures should not be overlooked in relevant cases, procedural errors are simply irrelevant on issues where the veteran should prevail on the merits. Thus, there is no need to discuss them in this case as they merely provide another opportunity to unnecessarily prolong this matter on remand.
For these reasons, I would remand these claims with directions to the Board to decide them on the merits and I dissent from the majority’s more limited remand.
*21 [[Image here]]
*22 Form Approved. OMB No. 2900*0085 Respondent Burden: 1 Hour Department of Veterans Affairs APPEAL TO BOARD OF VETERANS’ APPEALS 1MPOR TANT: Read ¿he attached instructions before you fill out this form. VA also encourages you to get assistance from your representative in filling out thisform. 1. NAME OF VETERAN (Last Name, First Name, Middle Initial) 2. CLAIM FILE NO. (Includeprefix) 3. INSURANCE FILE NO,. OR LOAN NO. | [VETERAN ¡~~] VETERAN'S Wl DOW/E R □ OTHER (Specify) Q VETERAN'S CHILD f"t VETERAN'S PARENT 5. TELEPHONE NUMBERS A. HOME iInclude Area Code) 8 WORK (Include Area Code) (Last Name. First Name, Middle Initial) 8. HEARING IMPORTANT: Read the Information about this block in paragraph 6 of Ihe attached instructions. This block it used to request a Board of Veterans' Appeals hearing. DO NOT USE THIS FORM TO REQUEST A HEA RING BEFORE A VA REGIONAL OFFICE HEARING OFFICER. Check one (and only one) of thefollowing boxes: A. I I I DO NOTWANTA BVA HEARING B. Q I WANT A BVA HEARING IN WASHINGTON. DC. C. □ I WANT A OVA HEARING AT A LOCAL VA OFFICE BEFORE A MEMBER, OR MEMBERS, OF ThE BVA. (Not available at Washington. DC, or Baltimore, MD. Regional Offices.) 9. THhSb ARE THE ISSUES I WANT TO APPEAL TO THE BVA: (Be sure toread the information about lids block in paragraph 6 of the attached ¡nslrut-lltins.) B. O I HAVE READ THE STATEMENT OP THE CASE AND ANY SUPPLEMENTAL STATEMENT OF THE CASE I RECEIVED. I AM ONLY APPEALING THESE ISSUES: (Un below) 10. HERE IS WHY I THINK THAT VA DECIDED MY CASE INCORRECTLY: (Be sure to read the information about this block in paragraph 6 of the attached Inshvcllons.) 11. SICNATURE OF PERSON MAKING THIS APPEAL (Continue on the bock, or nitach slitfti of paper. If need more space) 13. SIGNATURE OF APPOINTED REPRESENTATIVE, IF ANY (Not required ifsigned by appellant Src jiaragraph boflht iastnmmm.) JAN1098(RS) 9 JsIFoon
*23 We are required by law to give you the information in this box. Instructions for filling out the form follow the box.
RESPONDENT BURDEN: VA may not conduct or sponsor, and the respondent is not required to respond to, this collection of information unless it displays a valid Office of Management and Budget (OMB) Control Number. The infonnation requested is approved under OMB Control Number (2900-0085). Public reporting burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, ana completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection, including suggestions for reducing this burden, to VA Clearance Officer (045A4), 810 Vermont Ave., NW, Washington, DC 20420. DO NOT send requests for benefits to this address.
PRIVACY ACT STATEMENT: Our authority for asking for the infonnation you give to us when you fill out this form is 38 U.S.C. 7105(d)(3), a Federal statute that sets out the requirement for you to file a formal appeal to complete your appeal on a VA benefits determination. You use this form to present your appeal to the Board of Veterans* Appeals (BVA). It is used by VA in processing your appeal and it is used by the BVA in deciding your appeal. Providing this infonnation to VA is voluntary, but if you fail to fiirnish this infonnation VA will close your appeal and you may lose your right to appeal the benefit determinations you told us you disagreed with. The Privacy Act of 1974 (5 U.S.C. 552a) and VA’s confidentiality statue (38 U.S.C. 5701), as implemented by 38 C.F.R. 1.526(a) and 1.576(b), require individuals to provide written consent before documents or information can be disclosed to third parties not allowed to receive records or infonnation under any other provision of law. However, the law permits VA to disclose the information you include on this form to people outside of VA in some circumstances. Information about that is given in notices about VA’s "systems of records" that are periodically published in the Federal Register as required by the Privacy Act of 1974. Examples of situations in which the information included in this form might be released to individuals outside of VA include release to the United States Court of Veterans Appeals, if you later appeal the BVA’s decision in your case to that court; disclosure to a medical expert outside of VA, should VA exercise its statutory authority under 38 U.S.C. 5109 or 7109, to ask for an expert medical opinion to help decide your case; disclosure to law' enforcement personnel and security guards in order to alert them to the presence of a dangerous person; disclosure to law enforcement agencies should the information indicate that there has been a violation of law; disclosure to a congressional office in order to answer an inquiry from the congressional office made at your request; and disclosure to Federal government personnel who have the duty of inspecting VA’s records to make sure that they arc being properly maintained. See the Federal Register notices described above for further details.
INSTRUCTIONS
1. CONSIDER GETTING ASSISTANCE: Wc have tried to give you the general infonnation most people need to complete this form in these instructions, but the law about veterans’ benefits can be complicated. If you have a representative, we encourage you to work with your representative in completing this form. If you do not have a representative, we urge you to consider getting one. Most people who appeal to the Board of Veterans’ Appeals (BVA) do get a representative. Veterans* Service Organizations (VSOs) will represent you at no charge and most people (more than 80 percent) are represented by VSOs. Under certain circumstances, you may pay a lawyer or "agent" to represent you. (See the references in paragraph 9.) Your local VA office can provide you with information about VSOs who arc willing to represent you and forms that you will need to complete to appoint either a VSO or an attorney to represent you. Your local bar association may be able to provide you with the names of attorneys who specialize in veterans’ law. VA has an 800 number that you can call for assistance; 1-800-827-1000. There arc also a few agents recognized by VA who can represent claimants.
2. WHAT IS THIS FORM FOR? You told your local VA office that you disagreed with some decision it made on your claim fur VA benefits, called filing a "Notice of Disagreement." That office then mailed you a "Statement of the Case" (SOC) that told you why and how it came to the decision that it did. After you have read the SOC, you must decide if you want to go ahead and complete your appeal so that the BVA will review your case. If you do, you or your representative must fill out this form and file it wilh VA. “Filing" means delivering the completed form to VA in person or by mailing it to VA. Paragraph 4 tells you how much time you have to file this foim and paragraph 7 tells you where you file it.
When we refer to "your local VA office" in these instructions, we mean the VA Regional Office that sent you the "Statement of the Case" or, if you have moved out of the area served by that office, the VA Regional Office that now has your VA records.
3. DO I HAVE TO FILL OUT THIS FORM AND FILE IT? Fill out this form and file it with VA if you want to complete your appeal. If you do not, VA will close your appeal without sending it to the BVA for a decision. If you decide that you no longer want to appeal after you have read the SOC, you don’t have to do anything.
4. HOW LONG DO I HAVE TO COMPLETE THIS FORM AND FILE IT? Under current law, there arc three different ways to calculate how much time you have to complete and file this form. The one that applies to you is the one that gives you the most time.
(a) You have one year from the day your local VA office mailed you the notice of the decision you are appealing.
(h) You have 60 days from the day that your local VA office mailed you the SOC.
(c) Your local VA office may have sent you an update to the SOC, called a "Supplemental Statement of the Case" (SSOC). Under an opinion by VA’s General Counsel, if that SSOC discusses evidence in your case that VA received within the onc-ycar period described in paragraph 4(a) of these instructions, above, and if you have not already filed this form, then you have at least 60 days from the time your local VA office mailed you the SSOC to file it even though the one-year period has already expired.
*24 There is one special kind of case, called a "simultaneously contested claim," where you have 30 days to file this form instead of the longer time periods described above. A "simultaneously contested claim" is a case where two different people are asking for the same kind of VA benefit and one will either lose, or get less, if the other wins. If you are not sure whether this special exception applies, ask your representative or call your local VA office.
If you have any questions about the filing deadline in your case, ask your representative or your local VA office. Filing on tíme is very important. Failing to file on time could result In you losing your right to appeal.
5. WHAT IF I NEED MORE TIME? If you need more time to complete this form and file it, write to your local VA office, explaining why you need more time. You must file your request for more time with your local VA office before the normal time for filing this form runs out. if you file by mail, VA will use the postmark date to decide whether you filed the form, or the request for more time to file it, on time.
6. WHAT KIND OF INFORMATION DO I NEED TO INCLUDE WHEN Í FILL OUT THE FORM? While most of the form is easy to understand, we will go through the blocks where you might need some additional information.
Block 3. If your appeal involves an insurance claim or some issue related to a VA home loan, enter your VA insurance or VA loan number here. For most kinds of cases, you will leave this block blank.
Blocks 4-7. These blocks arc for information about the person who is filing this appeal. If you arc a representative filling out this form for the person filing the appeal, fill in the information about that person, not yourself. Block 7 can be left blank if the person filing the appeal is the veteran.
Block 8, It is very important for you to check one, and only one, of the boxes in block 8. This lets us know whether or not you want an opportunity to appear personally before one or more members of the BVA to give them information about your case, and, if so, where you want to appear. If you do not checkone of the boxes, BVA will assume that you DO NOT want a BVA hearing.
If you ask for a hearing, you and your representative (if you have one) can tell us why you Ihink the BVA should act favorably on your appeal (present argument). You can also tell us about the facts behind your claim and you can bring others (witnesses) to the hearing who have information to give the BVA about your case. At your option, you con submit more evidence at a hearing requested on this form. If you do ask for a hearing, it can be very helpful to have a representative assist you at the hearing.
Here is specific information about each of the check boxes in block 8.
Box A: You may feel that you have already sent VA everything the BVA will need to decide your case. It is not necessary for you to have a hearing for BVA to decide your appeal. Check this box if you decide that you do not want a hearing. If you check this box, do not check any of the other boxes in block 8.
Boxes B and Cl Check box B or box C if you want to appear in person before a member, or members, of the BVA to present your case. We have provided two different boxes because you can have your BVA hearing in one of two different places. You can have your hearing at the BVA's offices in Washington, DC, or you can ask for a BVA hearing at your local VA office. In making your decision, you should know that VA cannot pay any expenses you (or your representative or witnesses) incur in connection with attending a hearing. Having your BVA hearing at your local VA office is usually less expensive for you, because you won't have as much expense for travel for yourself, your witnesses, and your representative. On the other hand, it sometimes takes longer to gel your case added to the calendar for BVA hearings at local VA offices because BVA members conduct hearings in the field only during special trips. You can check with your local VA office to get an estimate of how long it may be before your case could be scheduled for a BVA hearing there.

Note: The BVA has initiated a new program for conducting hearings electronically. This permits BVA member(s) sitting in Washington, DC, to hold a hearing with you at your local VA office. Each hears (he other through teleconferencing, or hears and sees the other through videoconferencing, We have not provided a check box for this kind of hearing, because this new kind of hearing Is only available at a few VA Regional Offices. If you are interested in this kind of hearing, contact your local VA office to see if it is available in your area and inquire about procedures

IIEARING OFFICER HEARINGS: A hearing before a local VA hearing officer, instead of before a member of the BVA, is not a BVA hearing. You can request a local hearing officer hearing by writing directly to the regional office. DO NOT use this form to request that kind of hearing. If you do, it will delay your appeal. You should also know that requesting a hearing before a local VA hearing officer docs not extend the time for filing this form.
Block 9. Save what you want to tell us about why you are appealing for the next block. This is the block where you tell us exactly what you are appealing. You do this by identifying the "issues" you are appealing. Your local VA office has tried to accurately identify the issues and has listed them on the SOC and any SSOC it sent you.
If you think that your local VA office has correctly identified the issues you ure appealing and, after reading die SOC and any SSOC you received, you still want to appeal its decisions on all those issues, check the first box in block 9. Do not check the second box if you check thefirst box.
*25 Check the second check box in block 9 if you only want lo continue your appeal on some of the issues listed on the SOC and any SSOC you received. List the specific issues you want to appeal in the space under the second box. While you should not use this form to file a new claim or to appeal new issues for the first time, you can also use this space to call the BVA’s attention to issues, if any, you told your local VA office in your Notice of Disagreement you wanted to appeal that are not included in the SOC or a SSOC. If you want to file a new claim, or appeal new issues (file a new Notice of Disagreement), do that in separate correspondence.
Block 10. Use this block to tell us why you disagree with the decision made by your local VA office. Tic your arguments to the issues you identified in block 9. Tell us what facts you think VA got wrong and/or how you think VA misapplied the law in your case. Try to be specific. If you are appealing a rating percentage your local VA office assigned for one or more of your service-connected disabilities, tell us for each service-connected disability rating you have appealed what rating would satisfy your appeal (The SOC, or SSOC, includes information about what disability percentages can be assigned for each disability under VA’s "Rating Schedule.") You may want to refer to the specific items of evidence that you feel support your appeal, but you do not have to describe all of the evidence you have submitted. The B VA will have your complete file when it considers your case. You should not attach copies of things you have already sent to VA.
If you need more space to complete block ] 0, you can continue it on the back of the form and/or you can attach sheets of paper to the form. If you want to complete this part of the form using a computer word-processor, you may do so. Just uttach the sheets from your printer to the form and write "see attachment" in block 10.
Block 11. This form can be signed and filed by either the person appealing the local VA decision, or by his or her representative. Sign the form in block II if you are the person appealing, or if you are a guardian or other properly appointed fiduciary filing this appeal for someone else. In cases where on incompetent person has no fiduciary, or the fiduciary has not acted, that person’s "next friend," such as a family member, can sign and file this form. If the representative is filing this form, this block can he left blank. Regardless of who signs the form, we encourage you to have your representative check it over before it is filed. Place the date you sign in block 12.
Block 13. Ifyou are a representative filing this form for the appellant, sign here. Otherwise, leave this block blank. If you are an accredited representative of a veterans’ service organization (VSO), also insert the name of the VSO in this block. Note that signing this form will not serve to appoint you as the appellant’s representative. Contact your local VA office ifyou need information on appointment. Place the date you sign in block 14.
7. WHERE DO I FILE THE FORM ONCE I HAVE COMPLETED IT? When you have completed the form, signed and dated it, send it to the VA office that has your records. Unless you have recently moved outside the area that it serves, this is the office whose address is at the top of the letter VA sent you with the SOC,
8. OTHER SOURCES OF INFORMATION: You can get information about the VA appeal process written in informal language by asking your local VA office for a copy of a pamphlet called "Understanding the Appeal Process." For more detailed technical information about the VA appeal process, sec the BVA’s Rules of Practice. You will find them in Part 20 of Title 38 of the Code of Federal Regulations (C.F.R). Many local public libraries have the C.F.R., or the library staff may be able to tell you where you can locate a copy. If you have a representative, your representative may have a copy of the C.F.R. A great deal of information is available on the Internet at "http://www.va.gov." (Do not include the quotation marks or the final period when typing in the Internet address.)
9. SPECIAL NOTE FOR ATTORNEYS AND VA ACCREDITED AGENTS, There are statutory and regulatory restrictions on the payment of your fees and expenses and requirements for filing copies of your fee agreement with your client with VA. See 38 U.S.C. 5904 and 38 C.F.R. 20.609-.610.

NOTE: Please separate these instructions from the form at the perforation before you file the form with VA. We suggest that you keep these instructions with your other papers about your appeal for future reference.

*26 [[Image here]]