﻿Citation Nr: 19172623
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 14-19 902A
DATE: September 19, 2019

ORDER

Entitlement to service connection for a lumbar spine disorder is dismissed.

Entitlement to service connection for a cervical spine disorder is dismissed.

FINDING OF FACT

In a written statement dated June 19, 2018 and received by VA on July 2, 2018, that contained the Veteran’s name and claim number, the Veteran requested the withdrawal of his appeal for service connection for lumbar spine and cervical spine disorders.

CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2018).

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1985 to December 1988. He served in the United States Navy.

A substantive appeal may be withdrawn in writing by the Veteran at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. The withdrawal must include the name of the Veteran, applicable VA file number, and a statement that the appeal is withdrawn. 38 C.F.R. § 20.204 (b)(1). The “[w]ithdrawal of a claim is only effective where the withdrawal is explicit, unambiguous, and done with full understanding of the consequences of such action on the part of the claimant.” DeLisio v. Shinseki, 25 Vet. App. 45, 57 (2011) (citing Hanson v. Brown, 9 Vet. App. 29, 32 (1996)). A submission by the Veteran must be read in context to determine whether a submission constitutes a withdrawal of an appeal; consideration must also be given to the non-adversarial setting of the VA adjudication process during which VA is required to construe liberally all submissions by a claimant. Kalman v. Principi, 18 Vet. App. 522, 524-25 (2004).

The Board finds that the Veteran’s written statement satisfies the criteria for withdrawal of a substantive appeal as to the issues of service connection for a lumbar spine disorder and cervical spine disorder. Specifically, in a signed statement dated June 19, 2018, the Veteran agreed to withdraw the claims concerning service connection for his lumbar and cervical spine disabilities. The Veteran acknowledged and understood that his decision to withdraw his claims will end the appeal of those issues before the VA. The cover sheet to the statement contained the Veteran’s name and applicable file number. In sum, the Veteran has notified the VA indicating a clear intention to withdraw his claims for service connection. Therefore, the Veteran’s withdrawal of the claims was explicit, unambiguous and done with a full understanding of the consequences of the action. DeLisio, 25 Vet. App. at 57.

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105(d)(5); 38 C.F.R. § 20.202. Because the pertinent criteria for withdrawal of the issues of service connection for a lumbar spine and cervical spine disorder have been satisfied, there remain no allegations of errors of fact or law for appellate consideration with respect to these issues. The Board consequently does not have jurisdiction to review these issues, and they are dismissed.

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Nguyen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.