NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEONARD D. JOHNSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1632

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6963, Senior Judge Mary J. Schoelen.

---

Decided: January 20, 2022

---

LEONARD D. JOHNSON, Las Vegas, NV, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, CHEN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Leonard D. Johnson appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"). *Johnson v. Wilkie*, No. 19-6963, 2020 WL 5414588 (Sept. 10, 2020) ("*Veterans Court Decision*"). The Veterans Court affirmed the decision of the Board of Veterans' Appeals ("the Board"), which held that the Department of Veterans Affairs ("VA") properly recouped special separation benefits ("SSB") by withholding disability compensation payments, denied entitlement to revision of rating decisions on the basis of clear and unmistakable error ("CUE"), and denied entitlement to an effective date earlier than May 7, 2012, for the grant of service connection for bilateral knee sprains. For the reasons provided below, we *affirm* the Veterans Court's decision with respect to recoupment of SSB and we *dismiss* Johnson's appeal with respect to the other issues.

## BACKGROUND

Johnson served on active duty in the U.S. Army from April 1985 until March 1993. According to Johnson's Certificate of Release or Discharge from Active Duty (DD Form 214), Johnson was honorably discharged as part of an "Early Release Program–SSB." *See* Appx. 38. Upon his discharge, he received an SSB payment of $17,782.92. *Id.*

On March 11, 1993, the VA regional office in Muskogee, Oklahoma ("the Muskogee RO") received Johnson's submission of a Disabled Veterans Application for Vocational

Rehabilitation (VA Form 28-1900). Appx. 39.[1] In the section of the form entitled "Nature of Disability," Johnson wrote "Bad Knees, Reoccurring Rash." *Id.* He also stated on the form that he had not previously applied for VA benefits. *Id.*

On March 12, 1993, the Muskogee RO issued a rating decision denying vocational rehabilitation benefits. Appx. 41. In the narrative section of the decision, VA stated that Johnson "is not shown to be entitled to vocational rehabilitation as his disability does not meet the minimal 20 percent evaluation." *Id.* It further stated that Johnson "would be service connected only for skin rash," which "will be noncompensable in nature only." *Id.* As for Johnson's bad knees, VA determined that "[s]ervice connection cannot be established for knee pain in the absence of x-ray evidence showing degenerative changes or service medical records showing any instability." *Id.* Johnson did not appeal from the March 1993 rating decision.

Fourteen years later, in June 2007, Johnson filed a claim for service connection for problems with his knees, headaches, reoccurring kidney stones, foot arthritis, and prostate problems. *See Veterans Court Decision*, 2020 WL 5414588, at *2. VA issued a rating decision in June 2008 denying Johnson's claims. *Id.* Johnson did not appeal from the June 2008 rating decision. *Id.*

On May 7, 2012, the RO in Reno, Nevada ("the Reno RO") received Johnson's submission of a Statement in Support of Claim (VA Form 21-4138). Appx. 43. In the document, which Johnson called a "Veteran Claim to Reopen," Johnson alleged CUE in the March 1993 and June 2008 rating decisions on the basis of VA's incorrect application

---

[1]    Although the certifications on the form suggest that Johnson signed it on March 25, 1993, the VA's date stamp indicates that it was received on March 11, 1993.

of statutory and regulatory provisions. *Id.* Among other allegations, Johnson asserted that VA erred in denying service connection for his persistent rash and knee pain, and that he was entitled to presumptive service connection based on 38 C.F.R. § 3.303(b). Appx. 43–44.

On October 8, 2013, the Reno RO issued a rating decision regarding Johnson's May 7, 2012 submission. Appx. 49. The Reno RO granted service connection for Johnson's right and left knee sprains, each with a 10% disability rating effective May 7, 2012. Appx. 50. The Reno RO also notified Johnson that he had been paid SSB in the amount of $17,782.92, and that VA was required to withhold his disability compensation until the SSB payment was recouped. *See Veterans Court Decision*, 2020 WL 5414588, at *2.

Johnson filed a Notice of Disagreement and appealed the October 2013 rating decision to the Board. On August 6, 2019, the Board issued a decision on Johnson's appeal. Appx. 16–35. In relevant part, the Board denied Johnson's appeal regarding recoupment of the SSB payment on the basis that the withholding of his benefits was proper under 10 U.S.C. §§ 1174, 1212 and 38 C.F.R. § 3.700. *See* Appx. 16, 19. The Board also denied entitlement to revision of the March 1993 and June 2008 rating decisions on the basis of CUE, and the Board denied entitlement to an effective date earlier than May 7, 2012, for the grant of service connection for Johnson's knee sprains. Appx. 16.

Johnson appealed the Board's decision to the Veterans Court. After considering each of Johnson's arguments, the court affirmed the Board's decision.

First, regarding the recoupment of SSB, the court concluded that, "even when liberally construing the pro se appellant's briefs," Johnson "has failed to meet his burden to show how the statute governing recoupment of SSB was misapplied to his case." *Veterans Court Decision*, 2020 WL

5414588, at *3. The court found that, although Johnson asserted that his active duty service precludes VA from withholding his disability compensation, beyond that "bare assertion" Johnson failed to provide "any reasoning for how the statute was misapplied." *Id.*

Next, the Veterans Court turned to Johnson's allegations of CUE in the 1993 rating decision. Although the court found that the Board erred by not finding that Johnson had evinced an intent to apply for service-connected benefits in his March 1993 application, the court concluded that "remand for the Board to rectify its inadequate reasons or bases regarding the knee and skin claims is inappropriate in this instance." *Id.* at *4. The court reasoned that "any claim for knee conditions pending and unadjudicated after the March 1993 RO decision was finally decided by the June 2008 RO decision denying a claim for the same knee conditions." *Id.* at *5. Moreover, the court concluded that "even if knee and skin conditions were raised in [Johnson's] 1993 vocational rehabilitation application, [Johnson] has not met his burden to show that any error on the Board's part was prejudicial." *Id.* The court determined that Johnson failed to demonstrate that "had the RO adjudicated the [knee and skin] claims [in the 1993 rating decision], the outcome would have been manifestly different." *Id.* (citing *Russell v. Principi*, 3 Vet. App. 310, 313–14 (1992)). The court thus concluded based on the Board's factual findings that "even if the [knee and skin] claims had been pending, it is not undebatable that service connection for skin and knee conditions would have been awarded as of the March 1993 decision." *Id.* (citations omitted).

The Veterans Court then turned to Johnson's allegations of CUE in the June 2008 rating decision. The court noted that Johnson was essentially re-raising the same allegations of CUE that he had previously raised at the Board, namely, that VA failed to conduct examinations, misapplied regulations relating to a presumption of service connection, and failed to consider an in-service hematology

report.  *Id.* at \*6.  Regarding the allegation that VA failed to conduct examinations, the court found that the Board had correctly concluded that "a breach of the duty to assist cannot constitute CUE."  *Id.* (citing *Cook v. Principi*, 318 F.3d 1334, 1345–47 (Fed. Cir. 2002)).  For the other allegations of error, the Court agreed with the Board's explanation that Johnson "d[id] not indicate how the RO failed to apply the identified laws," and that Johnson's allegations were "at best, a disagreement with how the RO weighed the evidence," which cannot constitute CUE.  *Id.*

The Veterans Court finally turned to Johnson's claim that he was entitled to an earlier effective date than May 7, 2012, for the grant of service connection for his knee sprains.  The court began by quoting 38 U.S.C. § 5110(a), which provides the general rule for determining effective dates.  *Id.* at \*7.  After noting that the Board's determination of an effective date is a finding of fact, *id.* (citing *Hanson v. Brown*, 9 Vet. App. 29, 32 (1996)), the court cited the Board's finding that any and all claims for Johnson's knee sprains became final when Johnson failed to appeal the June 2008 rating decision.  *Id.*  As the court held, "the Board correctly concluded that under such circumstances the effective date of the award of service connection cannot be earlier than the subsequent request to reopen."  *Id.* (citing 38 C.F.R. §§ 3.400(r), 3.400(q)(2); *Sears v. Principi*, 16 Vet. App. 244, 247 (2002), *aff'd*, 349 F.3d 1326 (Fed. Cir. 2003)).  The court thus concluded that the Board did not err in its determination that "the correct effective date for the award of service connection was the date of the May 2012 request to reopen the previously denied knee claim."  *Id.* at \*7.

Johnson appealed from the Veterans Court's affirmance of the Board's decision.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336

(Fed. Cir. 2010).  We have jurisdiction to review and decide challenges to the validity of statutes or regulations, or to interpretations of statutory and regulatory provisions to the extent such provisions are necessary to a decision. 38 U.S.C. § 7292(c).  We lack jurisdiction to review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a particular case. 38 U.S.C. § 7292(d).  And, while we liberally construe pro se pleadings in favor of a pro se veteran, the veteran is still required to establish jurisdiction.  *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Interpreting Johnson's briefs liberally, he appears to raise a statutory interpretation question with respect to VA's recoupment of SSB payments.  As a general rule, VA is required by statute and regulation to withhold disability compensation until an SSB payment is recouped.  *See* 10 U.S.C. § 1174(h)(2); 38 C.F.R. § 3.700(a)(5).  But Johnson focuses on an exception in the statute for situations when "the disability which is the basis for that disability compensation was incurred or aggravated during a later period of active duty."  10 U.S.C. § 1174(h)(2).

Johnson appears to contend that the exception in § 1174(h)(2) could be broad enough to include any situation in which a veteran receives SSB and then is later determined to have service connection for a disability.  But to the extent that is Johnson's argument, his proposed interpretation of the statute is unequivocally incorrect.  The statutory language is clear that the exception applies only when *the disability itself* was incurred during a "later period of active duty."  *Id.*  The exception does not apply when a veteran's disability was incurred during the earlier period of active duty (i.e., before receipt of SSB), even if the disability was not diagnosed until later.

The Veterans Court's interpretation of the statute was correct, as was its application of the statute to Johnson's case.  Johnson served one period of active duty that ended

in March 1993, at which point he was honorably discharged and received an SSB payment of $17,782.92. Johnson did not serve a "later period of active duty," and thus he does not fall within any exception to the general rule that VA must withhold disability compensation to recoup his SSB payment.

Johnson's remaining arguments pertain to alleged CUE in the rating decisions and the effective date for the grant of service connection for his knee sprains. But none of his arguments raises a reviewable issue. Most of his arguments challenge alleged evidentiary contradictions and weighing of facts, which are clearly unreviewable. 38 U.S.C. § 7292(d). To be sure, some of Johnson's arguments appear to be legal in nature; for example, Johnson challenges the Veterans Court's decision that the June 2008 rating decision adjudicated all pending claims and thus rendered a remand unnecessary to rectify harmless errors in the March 1993 rating decision. But even that legal argument challenges the Veterans Court's application of law (i.e., the law of harmless error) to the facts of this specific case, and it thus does not fall within our jurisdiction to review. *Id.*

Finally, it bears noting that Johnson asserts in his brief that the Veterans Court decided constitutional issues over which we would have jurisdiction under 38 U.S.C. § 7292. However, Johnson fails to cite, or even mention, any constitutional provision that might be implicated by the Veterans Court's decision. Therefore, his bare assertion that constitutional issues are at stake does not create jurisdiction in this case. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[Appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

CONCLUSION

We have considered Johnson's remaining arguments but we find them unpersuasive. Accordingly, we *affirm* the

decision of the Veterans Court with respect to the recoupment of SSB and we *dismiss* Johnson's appeal with respect to his allegations of CUE and entitlement to an earlier effective date.

**AFFIRMED-IN-PART, DISMISSED-IN-PART**

COSTS

No costs.