**Richard S. HENDERSON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 95–310.**

United States Court of Veterans Appeals.

June 15, 1998.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM:

This case is before the Court on appeal of a September 22, 1994, Board of Veterans' Appeals (Board or BVA) decision to the review of which the Court has granted expedited consideration. In a March 4, 1998, order, the Court directed the appellant to file his brief on the merits not later than 25 days after the date of the order. The Secretary was to file his brief not later than 15 days after service of the appellant's brief, and any reply by the appellant was ordered to be filed within 10 days after service of the Secretary's brief.

The appellant's brief was filed on April 22, 1998. In his brief he states, inter alia, that a Department of Veterans Affairs (VA) regional office (RO) decision awarded service connection for his respiratory condition "effec-tive December, 1996". Brief at 5. On May 8, 1998, the Secretary filed a motion seeking the following: (1) Dismissal for mootness of the appeal of the September 22, 1994, BVA decision with regard to the respiratory condition; (2) a reasonable amount of time to acquire the VARO decision or decisions relating to the appellant's claims on appeal; and (3) a stay pending resolution of the motion. On May 11, 1998, the appellant filed an opposition to the Secretary's motion; the appellant argues that the effective date of the grant of service connection is still at issue. On June 11, 1998, the appellant filed an additional response and a notation of supplemental authority.

Insofar as service connection has now apparently been granted for the respiratory condition, that issue is moot. Although the appellant contends that the effective date of that award of service connection is still at issue, assignment of effective date is not an issue in the Board decision presently before the Court. *See In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 366 (1997) (this Court "has jurisdiction to review VA adjudicative actions only under 38 U.S.C. § 7252(a) and pursuant to a final Board decision" (citing *Matter of Wick*, 40 F.3d 367, 370–73 (Fed.Cir.(1994)))); *see also Horowitz v. Brown*, 5 Vet.App. 217, 225 (1993) ("claimant seeking to appeal an issue to the Court must first obtain a *final* BVA decision on that issue"). In the instant appeal, the BVA has not issued a final decision on the effective-date issue, and the Court is thus without jurisdiction over that issue. The Court notes that assignment of effective date for an award of service connection is a separate element of a service-connection claim as to which a claimant must file a jurisdiction-conferring Notice of Disagreement (NOD). *See Holland v. Gober*, 10 Vet.App. 433, 435–36 (1997) (per curiam order) (citing *Hamilton v. Brown*, 4 Vet.App. 528, 538 (1993) (en banc), *aff'd*, 39 F.3d 1574 (Fed.Cir.1994)); *see also Barrera v. Gober*, 122 F.3d 1030, 1032 (Fed.Cir.1997); *Grantham v. Brown*, 114 F.3d 1156, 1158–59 (Fed.Cir.1997) (reaffirming *Hamilton, supra*, and holding that NOD that "concerned an element that was not considered during the appeal stemming from

[the] first NOD" created jurisdiction because it was "the first NOD that [was] actually able to initiate appellate review of the issue [such as the question of rating or effective date when the only question on appeal previously was service connection]"). Hence, the appellant can pursue the effective date of the service-connection award he has subsequently received from the RO only by filing a timely NOD as to that effective date. *See Barrera* and *Grantham*, both *supra; cf. Barrera*, 122 F.3d at 1037 (Plager, J., concurring).

In view of the foregoing, it is

ORDERED that the Secretary's motion to dismiss the appellant's appeal as to a respiratory condition is granted. The appeal as to that claim is DISMISSED. It is further

ORDERED that the Secretary's motion for a stay pending disposition of the aforementioned motion is denied as moot. It is further

ORDERED that the Secretary, not later than 15 days after the date of this order, file with the Court and serve on the appellant his principal brief (accompanied by copies of any pertinent RO decisions) in accordance with Rule 47(b) of this Court's Rules of Practice and Procedure and the Court's February 24, 1997, order granting expedited consideration of this appeal.