# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-2036

CLABON JONES, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued April 29, 2009                                      Decided June 18, 2009)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Lavinia A. Derr*, with whom *Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel, all of Washington, D.C., for the appellee.

Before KASOLD, HAGEL, and DAVIS, *Judges*.

DAVIS, *Judge*: U.S. Army veteran Clabon Jones appeals through counsel from a March 16, 2006, Board of Veterans' Appeals (Board) decision that denied him entitlement to an effective date earlier than May 19, 1989, for his service-connected post-traumatic stress disorder (PTSD). On July 9, 2008, this Court issued a single-judge memorandum decision that affirmed the 2006 Board decision. Mr. Jones filed a timely motion for reconsideration or, in the alternative, panel review of the single-judge decision. The Court assigned this case to a panel of judges to consider whether Mr. Jones's 1973 claim for disability compensation for a nervous condition, for which the VA failed to issue a Statement of the Case (SOC), was resolved by a 1986 Board decision that denied a later claim to reopen his claim for disability compensation for a nervous condition to include PTSD. To address the matter, the Court will withdraw the July 2008 memorandum decision and issue this decision in its stead.

This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the following reasons, the Court will affirm the March 2006 Board decision.

## I. BACKGROUND

Mr. Jones served on active duty from August 1969 to March 1971. After his discharge, he filed several claims for VA compensation for a psychiatric disorder. The first, on September 14, 1973, was for "nerves"; the VA regional office (RO) denied his claim in February 1974. In March 1974, Mr. Jones filed a statement in which he requested, in pertinent part: "Please consider this a Notice of Disagreement [(NOD)] on a claim for re[]evaluation for my nervous condition." Record (R.) at 36. Between April 1974 and January 1977, the RO issued deferred and confirmed rating decisions denying the claim, but did not issue an SOC.

In July 1983, citing a deterioration of his condition since Vietnam, Mr. Jones filed a claim for compensation for PTSD. In August 1983, the RO determined that PTSD did not provide a new factual basis to establish service connection for a "nervous disorder." R. at 139. That decision became final.

In June 1985 and again in November 1985, the RO denied Mr. Jones's requests to reopen his previously denied claims for compensation for a "nervous condition." R. at 206, 212. Mr. Jones initiated and perfected an appeal, and in November 1986, the Board denied service connection for a "'nervous condition' to include [PTSD]." R. at 312. That decision became final.

After Mr. Jones submitted further statements in support of his claim, the RO issued a rating decision in March 1987 noting no new factual basis to establish service connection for a nervous disorder. He appealed that decision, and in February 1988, the Board affirmed the RO decision.

In May 1989, Mr. Jones filed an application to reopen his previously denied claim for compensation for "PTSD." R. at 429. In October 1995, the Board ultimately granted entitlement to service connection for "PTSD" (R. at 861), and the RO later assigned an effective date of May 19, 1989. Mr. Jones continuously appealed that effective-date determination, culminating in the Board decision here on appeal denying an earlier effective date.

Before the Court, Mr. Jones argues that we should reverse the Board decision and award him an effective date of September 14, 1973, the date that he originally filed his claim for compensation for a psychiatric disorder.[1]  In support of his argument, he asserts that, because the RO did not issue an SOC following his March 1974 NOD from the February 1974 RO decision, that claim remained open and pending.  Because Mr. Jones initiated an appeal but it was not resolved by the Board, Mr. Jones contends that no finality attached to the subsequent adjudications.

## II.  ANALYSIS

### A.  Pending Claim

Mr. Jones argues that, under *Myers v. Principi*, 16 Vet.App. 228 (2002), a VA procedural error can cause a claim stream to remain open.  In particular, he contends that once he filed an NOD with the February 1974 RO decision, that claim, then in appellate status, remained open and pending until issuance of an SOC or Board decision adjudicating that claim.  He argues that no finality attached to the subsequent adjudications as a result of VA's failure to issue an SOC following his March 1974 NOD.

Once a decision is issued by the RO, a claimant has the right to "one review on appeal to the Secretary."  38 U.S.C. § 7104(a).  The appeals process begins with a claimant's filing of an NOD from an RO decision, which triggers VA's duty to issue an SOC.  *See* 38 U.S.C. § 7105(a), (d)(1).  Only after an SOC has been issued may a claimant file a Substantive Appeal to the Board.  *See* 38 U.S.C. § 7105(d)(1).

If the Secretary fails to act on a claim or if he fails to provide the veteran with information or material critical to the appeal, that claim remains pending.  *See Cook v. Principi*, 318 F.3d 1340, 1334 (2002) (citing *Hauck v. Brown*, 6 Vet.App. 518 (1994)); *Norris v. West*, 12 Vet.App. 413, 422 (1999); *see also* 38 C.F.R. § 3.160(c) (2008) (defining a "pending claim" as "[a]n application, formal or informal, which has not been finally adjudicated").  Here, the Secretary does not contest Mr. Jones's contention that his September 1973 claim was put into appellate status by a March 1974

---

[1]In his principal brief, Mr. Jones twice also requests an effective date of September 19, 1974.  The basis for that date is unclear, and will not be addressed.

NOD and remained pending through subsequent adjudications because of VA's failure to issue an SOC; the Court will not hold otherwise. *See Tablazon v. Brown*, 8 Vet.App. 359 (1995) (determining that a 1975 RO decision never became final, because without an SOC, the appellant was unable to file an appeal to the Board).

The question presented, however, is whether that claim remained pending indefinitely as a result of VA's failure to issue an SOC with regard to the March 1974 NOD. This Court has recognized that, generally, a later adjudication of a claim having substantially the same substance as a pending claim resolves the pending claim. *See Williams (Vernon) v. Peake*, 521 F.3d 1348, 1350 (Fed. Cir. 2008) ("'[A] reasonably raised claim remains pending until there is either a recognition of the substance of the claim in an RO decision from which a claimant could deduce that the claim was adjudicated or an explicit adjudication of a subsequent "claim" for the same disability.'" (quoting *Ingram v. Nicholson*, 21 Vet.App. 232, 243 (2007))); *see also Juarez v. Peake*, 21 Vet. App. 537, 542 (2008) (concluding that a decision on claim to reopen put appellant on notice that his original claim for compensation had also been denied). However, as noted in Mr. Jones's motion, *Williams*, *Juarez,* and *Ingram* are distinguishable from this case because in those cases, the appellants' claims had not been placed into appellate status. This Court has not yet decided whether a claim remains pending where an appellant places a claim into appellate status by filing an NOD and VA fails to issue an SOC regarding that NOD, but subsequently issues an SOC and ultimately a Board decision on a later, separate claim regarding the same disability.

This Court has indicated, however, that where the claim was placed into appellate status by virtue of an NOD, subsequent RO decisions cannot resolve the pending claim. "[O]nce an NOD has been filed, further RO decisions, which do not grant the benefit sought, cannot resolve the appeal that remains pending before the Board. Only a subsequent Board decision can resolve an appeal that was initiated but not completed." *Juarez*, 21 Vet.App. at 543. The Court agrees that *Juarez*'s reasoning applies here: An appeal can only be resolved by an appellate body, i.e., the Board. In other words, VA's failure to provide appellate review can only be cured by subsequent Board adjudication of the same claim.

Here, the Board considered and adjudicated Mr. Jones's appeal of a November 1985 RO decision denying entitlement to VA benefits for a nervous condition, to include PTSD, in a 1986

Board decision. Mr. Jones attempts to distinguish his 1973 claim from the subject of the 1986 Board decision by arguing that his original 1973 claim for VA compensation for "nerves" was not the same as that adjudicated in the 1986 Board decision that referred to PTSD. The Court finds no merit in the argument. *See Clemons v. Shinseki,* 23 Vet.App. 1, 5 (2009) (holding that a single claim for disability compensation can encompass more than one condition). First, it is incongruous to argue on the one hand that the 1986 adjudication was unrelated to the 1973 claim, and on the other, to argue that the current service-connected PTSD effective-date dispute relates to the 1973 claim. If the claim relating to "nerves" is a separate and distinct claim from the claim relating to PTSD, VA's failure to act on the service-connection claim for nerves would have no bearing on the case here on appeal.

Moreover, as evidenced by its recitation of the procedural history of the case, the 1986 Board decision related to the same disability as that which was included in the 1973 claim–there was, at the very least, "recognition of the substance" of the prior claim. *See Williams*, *supra*. Specifically, the Board mentioned the 1974 RO decision (which Mr. Jones asserts remains pending in appellate status), the veteran's subsequent additions of evidence, and an unappealed, final January 1977 RO decision that determined he had not submitted new and material evidence sufficient to reopen his claim. *See* R. at 303. Upon reviewing evidence submitted since the January 1977 decision, the Board in its 1986 decision ultimately denied entitlement to service connection "for a 'nervous condition' to include [PTSD]." R. at 312. The Court is satisfied that the Board's 1986 decision was sufficient to put Mr. Jones on notice that his 1973 claim for VA benefits for "nerves"–which until that time had remained pending by virtue of its appellate status–was being denied. *See Adams v. Shinseki*, No. 2008-7162, 2009 U.S. App. LEXIS 12667 (Fed. Cir. June 15, 2009); *Ingram, supra*.

Consequently, because the 1986 Board decision was a final adjudication of a claim identical to Mr. Jones's pending appeal from the 1974 denial of benefits for "nerves," the Court finds that the 1986 decision provided Mr. Jones the opportunity for appellate review that was not previously furnished after his 1974 NOD. In this regard, because a subsequent SOC or Board decision regarding the same disability provides the opportunity for appellate review previously withheld, the Court will extend the holdings in *Williams*, *Juarez,* and *Ingram,* all *supra*, to claims that are in appellate status by virtue of the filing of an NOD. Thus, where an appellant places a claim for one

5

disability into appellate status by virtue of an NOD, that claim is resolved by a later *appellate* adjudication of a subsequent claim where both claims stem from the same underlying disorder and the claimed disabilities are identical or substantially similar. Here, the Court finds that the 1986 Board decision adjudicating the claim for compensation for a nervous condition to include PTSD terminated the pending status of Mr. Jones's 1973 claim for nerves. *See Williams*, *Juarez,* and *Ingram,* all *supra.*

Despite the intervening decisions, Mr. Jones counters that it is an October 1995 Board decision *granting* service connection for PTSD–not the 1986 or 1988 Board decisions respectively *denying* his claims for a nervous disorder and nervous disorder to include PTSD–that removed the original claim from its unadjudicated status. The distinction is important, he contends, because his timely appeal of the effective date resulting from that October 1995 decision "is the matter now on appeal and is part of [my] current claim stream." Appellant's Brief at 6. He provides no support for such assertion in his brief nor does he explain how the 1986 and 1988 Board decisions failed to resolve the pending claim. The Court is therefore unconvinced by Mr. Jones's contention in this regard.

## B. Reasons and Bases

In addition, Mr. Jones takes issue with the Board decision on appeal's failure to address evidence that he filed the 1974 NOD and the consequences of VA's failure to issue an SOC. The Board is required to discuss all relevant evidence and all "potentially applicable" laws and regulations. *See* 38 U.S.C. § 7104(d); *see also Dela Cruz v. Principi*, 15 Vet.App. 143, 149 (2001) (noting that the Board is not required to discuss all evidence of record but must discuss relevant evidence). Here, however, consideration of VA's procedural error was irrelevant to the instant appeal of the assigned effective date, and thus, it was not an error for the Board to fail to discuss the matter. The 1986 Board decision following that procedural error became final; request for reconsideration of that decision would have been the proper vehicle to raise such an argument.[2] Review of that decision now is properly brought pursuant to a request for revision on the basis of clear and

---

[2]Because Congress did not authorize judicial review until 1988, Mr. Jones had no other forum for review of the 1986 Board decision. *See* Veterans' Judicial Review Act of 1988, Pub. L. No. 100-687, 102 Stat. 4105.

unmistakable error, and cannot be reviewed in the first instance here. *See* 38 U.S.C. § 5109A; *see also Cook, supra*; *Jarrell v. Nicholson*, 20 Vet.App. 326, 332 (2006) (en banc).

## C. Effective Date

Having determined that Mr. Jones's pending 1973 claim was resolved by the 1986 Board decision, the Court must now determine whether the Board's effective-date determination was clearly erroneous. *See Bonner v. Nicholson*, 19 Vet.App. 188, 193 (2005) (noting that the Board's effective-date determination is reviewed under the "clearly erroneous" standard of review set forth in 38 U.S.C. § 7261(a)(4)). In general, the effective date for an award of benefits will be based on the date of the claim that resulted in that award. *See Williams v. Principi*, 15 Vet.App. 189, 195 (2001) (en banc), *aff'd*, 310 F.3d 1374 (Fed. Cir. 2002); *Lalonde v. West*, 12 Vet.App. 377, 380 (1999). For a claim reopened "after final disallowance" based upon the submission of new and material evidence, the effective date is either the "[d]ate of receipt of the new claim, or [the] date entitlement arose, *whichever is later*." 38 C.F.R. § 3.400(q)(1)(ii) (2008) (emphasis added); *see Link v. West*, 12 Vet.App. 39, 46 (1998).

Here, the claim that ultimately resulted in a grant of benefits was submitted in May 1989. Although Mr. Jones argues that the Board did not consider a 1976 VA examination in its determination as to when entitlement arose, because the effective date is the *later* of either the date entitlement arose or the date of the claim, the Board's failure to address the 1976 examination is nonprejudicial. *See Conway v. Principi*, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004). The effective date could be no earlier than the date of the May 1989 claim. *See* 38 C.F.R. § 3.400(q)(1)(ii). Therefore, the Board's assignment of that effective date is not clearly erroneous, and it will be affirmed. *See* 38 U.S.C. § 5110(a).

## III. CONCLUSION

Upon consideration of the foregoing, the Court AFFIRMS the Board's March 16, 2006, decision.

7