# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-0641

Bobby L. Warren, Appellant,

v.

Robert A. McDonald,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided September 14, 2016)

*Robert V. Chisholm* and *Matthew J. Ilacqua,* both of Providence, Rhode Island*,* were on the brief, for the appellant.

*Leigh A. Bradley*, General Counsel; *Mary A. Flynn*, Assistant General Counsel; *Edward V. Cassidy Jr.*, Deputy Chief Counsel; and *Penny C. Kahn*, Senior Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before LANCE, DAVIS, and BARTLEY, *Judges*.

BARTLEY, *Judge*: Veteran Bobby L. Warren appeals through counsel a November 5, 2014, Board of Veterans' Appeals (Board) decision finding that the veteran withdrew his appeal of an April 2009 regional office (RO) denial of service connection for sleep apnea and denying entitlement to an earlier effective date for service connection for sleep apnea.[1] R. at 3-15. A panel of the Court was convened to review the Board's determination that Mr. Warren withdrew his 2009 appeal via a phone conversation with a VA employee, who memorialized the withdrawal in a written memorandum, and to address the Secretary's argument that the Board adjudicated a legally precluded

---

[1] The Board remanded claims for service connection for gallbladder removal, bilateral pes planus, and gastroesophalgeal reflux disease, to include as secondary to service-connected asthma, and a claim for entitlement to an earlier effective date or a compensable rating for service-connected fibromyalgia. Record (R.) at 3, 8-14. Because a remand is not a final decision of the Board subject to judicial review, the Court does not have jurisdiction to consider those matters at this time. *See Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000); *Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order); 38 C.F.R. § 20.1100(b) (2016).

freestanding earlier effective date issue. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). We hold that the Board clearly erred in determining that Mr. Warren withdrew his appeal of the April 2009 RO decision and that the Board wrongly adjudicated an earlier effective date issue not on appeal and over which the Board did not have jurisdiction. Accordingly, the Court will reverse the Board's November 5, 2014, finding that Mr. Warren withdrew his appeal of the April 2009 RO decision and remand the matter of the December 2008 claim for service connection for sleep apnea for further development, if necessary, and readjudication consistent with this decision.

## I. FACTS

Mr. Warren served on active duty in the U.S. Army from June 1984 to October 1991. R. at 800. He was diagnosed with sleep apnea in 2008, he filed a claim for service connection for sleep apnea in December 2008, and the RO denied this claim in April 2009. R. at 339, 504, 507, 582. The RO received Mr. Warren's Notice of Disagreement (NOD) in May 2009. R. at 498. In an August 2009 Appeal Election Form, he elected to have his appeal processed by a decision review officer rather than through the traditional appeal process. R. at 476. On April 7, 2010, the RO issued a Statement of the Case (SOC) continuing to deny service connection for sleep apnea because there was no evidence of a chronic condition during service. R. at. 416.

In a statement in support of claim dated March 31, 2010, Mr. Warren stated: "I am withdrawing my request for a Decision Review Officer (DRO) to review VA's denial of my request for service connection for Obstructive Sleep Apnea. I am instead requesting a [Board] hearing." R. at 368, 380. This statement was received by VA on April 7, 2010, and accepted as VA Form 9 (an appeal to the Board) on April 28, 2010.[2] *Id.* On April 29, 2010, the veteran's representative submitted a statement reiterating Mr. Warren's desire for a Board hearing to address, inter alia, the issue of service connection for obstructive sleep apnea, as he had previously indicated on his VA Form 9. R. at 376; *see also* R. at 377 (certification of appeal request).

On April 30, 2010, a VA employee noted on VA Form 21-0820, Report of General Information, that she spoke to Mr. Warren via telephone and that the "[v]eteran would like to

---

[2] The record contains two copies of the statement, one noting date of receipt as April 7, 2010, and the other noting date of receipt as April 28, 2010.

withdraw [the] sleep apnea condition from the pending appeal NOD dated 5/11/2009." R. at 366 (a date stamp indicates that the RO received the form on May 4, 2010). A May 3, 2010, report of general information form completed by a different VA employee noted that the "[v]eteran called to inform us that he would like a travel board hearing. He was not sure if this was stated on his Form 9 that was received April 28, 2010." R. at 365 (referencing the VA filing in which Mr. Warren requested, as to his sleep apnea claim, to withdraw from the DRO process). On May 5, 2010, the RO certified to the Board Mr. Warren's obstructive sleep apnea claim and noted that a travel board hearing was requested. R. at 305.

On May 28, 2010, Mr. Warren's representative submitted a letter to the RO stating "we are submitting the attached material in support of the *pending* claim for benefits." R. at 359-60 (emphasis added). The attached documents included a physician's statement that treatment and medication for Mr. Warren's service-connected asthma caused his obstructive sleep apnea. R. at 360, 362-63. The RO apparently considered this a new claim, and on June 8, 2010, sent the veteran a Veterans Claims Assistance Act (VCAA) development letter, notifying him that it was working on his claim for service connection for sleep apnea secondary to asthma. R. at 352. The RO stated that Mr. Warren had been denied service connection for obstructive sleep apnea in April 2009, the appeal period for that decision had expired and the decision was final, and thus the RO required new and material evidence to reopen his claim. *Id.*

Mr. Warren underwent a subsequent VA examination in July 2010. R. at 338. The July 2010 examiner concluded that the veteran's sleep apnea was at least as likely as not caused by his service-connected asthma and provided a rationale for that determination. R. at 344-45.

In September 2010, the RO granted service connection for obstructive sleep apnea secondary to service-connected asthma with fatigue, with a 50% evaluation, effective May 28, 2010. R. at 325-26, 331. As to the effective date assigned, the RO stated that on May 11, 2009, it had received Mr. Warren's NOD regarding the April 2009 decision that denied service connection for sleep apnea and on May 4, 2010, received his withdrawal of the sleep apnea appeal claim. R. at 331. The RO noted that it received his "request to reopen this issue secondary to service[-]connected asthma with fatigue on May 28, 2010," and so assigned that as the effective date. R. at 331-32. The record does not show any appeal documents regarding this claim stream.

3

In April 2013, Mr. Warren inquired to VA about the status of the travel Board hearing he requested in February 2010. R. at 105. He noted that VA's failure to schedule the hearing adversely impacted his pending appeal and that VA had issued other rating decisions "pertaining to [his] file," but no action had been taken with regard to his Board hearing. *Id.*

During the June 2013 Board hearing, the Board member characterized the issues on appeal as including service connection for sleep apnea. R. at 1455. The veteran's representative stated that the record contained a March 2010 statement that Mr. Warren wanted a Board hearing rather than a DRO conference for his sleep apnea claim. He argued a procedural error had been made, R. at 1459, and that the April 2010 report of general information indicating that the veteran wished to withdraw his sleep apnea claim was a misrepresentation of the veteran's wishes, R. at 1454, 1456-57. He explained that the veteran contacted VA in April 2010 to withdraw the sleep apnea claim from DRO review so he could proceed to a Board hearing, not to withdraw his sleep apnea claim entirely. R. at 1457-58. After the representative's statements, the Board member said she would review the claims file and decipher what had happened. R. at 1458.

In November 2014, the Board issued the decision on appeal. R. at 3-15. First, the Board noted that the appeal was from an April 2009 RO denial of service connection for sleep apnea. R. at 4. The Board then characterized the issue on appeal as entitlement to an effective date earlier than May 28, 2010, for service connection for sleep apnea. R. at 3. The Board stated that the April 30, 2010, report of general information received by the RO on May 4, 2010, "contained all information necessary to properly withdraw an appeal required by 38 C.F.R. § 20.204, that the claim was properly withdrawn as of [that] time," and that there was "no prohibition against a [v]eteran being able to withdraw a claim over the telephone." R. at 5, 7-8. The Board then found that the proper effective date of benefits for sleep apnea was May 28, 2010, because on that date Mr. Warren had "submitted further evidence in support of his claim for service connection for sleep apnea that had previously been properly withdrawn." R. at 8. This appeal followed.

4

## II. ANALYSIS

### A. Parties' Arguments

Mr. Warren argues that the Board failed to apply the proper legal standard in finding that he withdrew his December 2008 claim. Appellant's Brief (Br.) at 5-7. The Secretary does not address this argument,[3] instead asserting that the Board adjudicated a legally precluded freestanding earlier effective date issue and therefore the Court must vacate the Board decision and dismiss the appeal. Secretary's Br. at 9-12. The veteran counters that because there was no valid withdrawal of the December 2008 claim, the Board had jurisdiction over the issue that was on appeal–the April 2009 RO denial of service connection for sleep apnea. Appellant's Br. at 11.

### B. Board Analysis as to Withdrawal of Appeal

A Board determination that a claimant withdrew his or her appeal is a finding of fact subject to the "clearly erroneous" standard of review set forth in 38 U.S.C. § 7261(a)(4). *See Kalman v. Principi*, 18 Vet.App. 522, 524 (2004). The Court will reverse a factual finding of the Board when, after reviewing the evidence of record, the Court is left with "'a definite and firm conviction that a mistake has been committed.'" *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990), (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948)). "[T]his Court is not permitted to substitute its judgment for that of the [Board] on issues of material fact; if there is a plausible basis in the record for the factual determinations of the [Board], the Court cannot overturn them." *Id.*

Here, the Board found that the April 30, 2010, Report of General Information form "contained all information necessary to properly withdraw an appeal required by 38 C.F.R. § 20.204." R. at 8. Section 20.204(a) states that "[o]nly an appellant, or an appellant's authorized representative, may withdraw an appeal" and § 20.204(b) states that "[e]xcept for appeals withdrawn on the record at a hearing, appeal withdrawals must be in writing." Withdrawal of an appeal is only effective where withdrawal is explicit, unambiguous, and done with a full understanding of the consequences of such action on the part of the claimant. *See DeLisio v. Shinseki*, 25 Vet. App. 45, 57 (2011); *see also Kalman*, 18 Vet.App. at 524 (reversing a Board finding that a veteran withdrew his appeal where his statement regarding the "only issue remaining," in context, referred to resolving

---

[3] The Court notes that the Secretary stated in passing that Mr. Warren's argument as to withdrawal of his appeal may have merit. Secretary's Br. at 12.

the location of a video hearing and not limiting the issues on appeal); *Verdon v. Brown*, 8 Vet.App. 529, 533 (1996) (setting aside a Board finding that a veteran withdrew his appeal as to the appropriate evaluation where a letter to his representative stated he had "come to an agreement" with his evaluation, one representative omitted mentioning the evaluation, and a second representative actually argued the evaluation issue); *Isenbart v. Brown*, 7 Vet.App. 537, 541 (1995) (where, during a hearing, a veteran enumerated certain issues and stated that there were no additional issues, the Court found that "these few words spoken orally" did not provide "the formality or specificity that withdrawal [of an NOD] requires").

In *Hanson v. Brown*, the Court affirmed a Board finding that the veteran withdrew his claim for service connection for post-traumatic stress disorder (PTSD). 9 Vet.App. 29, 31-32 (1996). The Board based its finding primarily on a report of contact form completed by a VA social worker assigned to conduct an in-person PTSD evaluation. The report of contact form indicated that the veteran had been scheduled in error for the evaluation, claimed he had no emotional problems and had not applied for service connection for PTSD, and only wished to pursue an ankle disability claim. *Id.* The Court determined that "other contemporaneous circumstances" in addition to the report of contact form supported the finding that the PTSD claim was withdrawn, including that VA did not perform a psychiatric examination, the veteran did not mention PTSD in his NOD, the SOC focused only on his ankle issue, and the veteran did not object to VA's failure to adjudicate service connection for PTSD. *Id.*

Although the Court in *Hanson* found that the veteran withdrew his claim based primarily on the content of a report of contact form, that case differs from Mr. Warren's. First, the social worker in *Hanson* met with the veteran in person when she completed the form that indicated withdrawal. *See id*. at 30. Here, the VA employee spoke to Mr. Warren over the telephone only. Second, unlike in *Hanson*, there is considerable evidence that Mr. Warren did not intend to withdraw his 2008 sleep apnea claim when he called VA in April 2010. Instead, the following evidence indicates that Mr. Warren merely wished to remove his sleep apnea claim from the DRO process and that, even after the April 2010 purported withdrawal, he believed that his sleep apnea claim was still pending on appeal: the veteran's March 31, 2010, statement, later accepted by VA as a VA Form 9, in which Mr. Warren stated that he was withdrawing his request *for DRO review* of the sleep apnea

6

claim and was instead requesting a Board hearing, R. at 368, 380; the veteran's April 29, 2010, statement reiterating his desire for a Board hearing to address, inter alia, service connection for sleep apnea, R. at 376; the May 3, 2010, report of general information noting that the veteran wanted a Board hearing and was unsure if this was stated on his VA Form 9, a document that referenced only withdrawing his sleep apnea claim *from the DRO process*, R. at 365; the veteran's May 28, 2010, letter in which he stated that he was submitting a private physician's statement that his service-connected asthma caused his sleep apnea "in support of the pending claim for benefits," R. at 359-63; and the representative's June 2013 Board hearing statement that when Mr. Warren contacted VA in April 2010, he did not wish to withdraw his sleep apnea claim but wanted only to withdraw that claim from DRO review so he could proceed directly to the Board, R. at 1457-58.

On the record as a whole, the Court is left with the definite and firm conviction that the Board committed a mistake by finding that Mr. Warren withdrew his appeal. *See Gilbert*, 1 Vet.App. at 53. Therefore, the Court holds that the Board determination that the veteran withdrew his appeal of the April 2009 RO decision denying service connection for sleep apnea is clearly erroneous and that portion of the Board decision will be reversed. *See* 38 U.S.C. § 7261(a)(4); *Kalman*, 18 Vet.App. at 525.

## C. Mischaracterization of the Issue on Appeal

The veteran argues that, because there was no valid withdrawal of his appeal, the Board had jurisdiction to decide the issue of service connection for sleep apnea and thus mischaracterized the issue on appeal as entitlement to an earlier effective date. In essence, he argues that the correct issue on appeal, based on his 2008 claim, is entitlement to service connection for sleep apnea. *See* Appellant's Br. at 11; Reply Br. at 4. The Secretary does not address the veteran's withdrawal arguments. Instead, he counters that the Board adjudicated a legally precluded freestanding earlier effective date claim in its November 2014 decision. Secretary's Br. at 9. He acknowledges that this appeal "veered off the appropriate legal course at the June 2013 Board hearing, at which time the Chairwoman, with affirmation by Appellant's counsel, incorrectly concluded that the 'question' was 'not service connection' but was the 'date that it was made effective, the date of the grant of service connection.'" Secretary's Br. at 10 (citing R. at 1458). He argues that the Board could only have adjudicated the issue of an effective date earlier than May 28, 2010, if the veteran had appealed the

September 2010 rating decision granting service connection for sleep apnea and assigning the May 28, 2010, effective date, and that he did not do so. *Id*. at 10-11. He argues that the only avenue through which the veteran might obtain an earlier effective date for service connection for sleep apnea is via a clear and unmistakable error (CUE) motion against the September 2010 rating decision. *Id*. at 11.

Initially, the Court notes that, like *Boyd v. McDonald*, where the Court discerned two claim streams–a 1990 claim to reopen and a February 2000 claim for an increased evaluation–this case involves a "complex procedural picture involving two claim streams." 27 Vet.App. 63, 66 (2014). Here, Mr. Warren filed a December 2008 claim for service connection for sleep apnea. R. at 504, 582. The RO denied this claim in April 2009, the veteran filed an NOD in May 2009, the RO continued to deny service connection for sleep apnea in an April 2010 SOC, and the veteran perfected his appeal on April 28, 2010. R. at 368, 380, 498, 504, 507. The Board thereafter determined that the appeal of the December 2008 claim for service connection for sleep apnea was withdrawn. Thus, the existence of any pending sleep apnea claim dating from December 2008 depends on whether the Board correctly determined that Mr. Warren withdrew his appeal of the 2008 claim for service connection for sleep apnea.

The second claim stream began in May 2010 when the RO construed Mr. Warren's May 28, 2010, submission, which included a physician's statement that treatment and medication for Mr. Warren's service-connected asthma caused sleep apnea, R. at 360, 362-63, as a request to reopen a claim for service connection for sleep apnea as secondary to service-connected asthma, R. at 331-32. This second claim stream arose based on VA's belief that the veteran had withdrawn his 2008 claim. In the course of this second claim stream, in September 2010 the RO granted service connection for sleep apnea secondary to service-connected asthma, effective the date of his purported claim to reopen, May 28, 2010. R. at 325-26, 331. The record does not show that Mr. Warren appealed the September 2010 decision.

Mr. Warren's December 2008 claim, which initiated the first claim stream, was a claim for service connection for sleep apnea. However, the Board twice mischaracterized his claim as one for an earlier effective date, first, during the June 2013 Board hearing when the Board member stated that the question seemed to be the appropriate effective date for sleep apnea, R. at 1458, and, second,

8

in the decision on appeal where the Board identified the issue as entitlement to an effective date for service connection for sleep apnea earlier than May 28, 2010. R. at 3; *see Murphy v. Shinseki*, 26 Vet.App. 510, 513-14 (2014) (the Board's improper characterization of an issue was outside the scope of the veteran's appeal). The Board did not have authority, though, to determine the effective date of service connection for sleep apnea at the time of the November 5, 2014, decision. *See, e.g., id.* First, the earlier effective date issue had not been presented to and adjudicated by the RO. *See Jarrell v. Nicholson*, 20 Vet.App. 326, 330-32 (2006) (en banc) (holding that the Board lacks jurisdiction over an issue not first presented to and adjudicated by the RO). Moreover, the Board decision was an appeal from the April 2009 RO decision, part of the first claim stream, and, as noted, the issue was service connection for sleep apnea and not the effective date of such benefits. *See Boyd*, 27 Vet.App. at 66. In considering the issue as whether an effective date earlier than May 28, 2010, was warranted, the Board necessarily relied on the September 2010 RO decision because it was that decision that granted the May 28, 2010, effective date. However, as outlined above, the May 2010 claim stream is separate from the December 2008 claim stream and the issue before the Board at the time of its November 2014 decision was service connection for sleep apnea based on the veteran's December 2008 claim, not an effective date earlier than May 2010 for service connection for sleep apnea. *See Murphy*, 26 Vet.App. at 513-14.

Caselaw is clear that, because the veteran timely appealed the April 2009 RO decision denying the December 2008 claim, only a Board decision can resolve the December 2008 claim. *See Jones v. Shinseki*, 23 Vet.App. 122, 125 (2009) (where a claim is placed in appellate status by virtue of filing of an NOD, a subsequent RO decision does not resolve the appeal), *aff'd*, 619 F.3d 1368 (Fed. Cir. 2010); *Juarez v. Peake*, 21 Vet.App. 537, 543 (2008) (citing *Myers v. Principi*, 16 Vet.App. 228 (2002)) (once an NOD has been filed, further RO decisions cannot resolve the appeal that remains pending before the Board; only a subsequent Board decision can resolve an initiated, but not completed, appeal). The September 2010 RO decision could not resolve Mr. Warren's appeal of his December 2008 sleep apnea claim because, by virtue of his appeal, the Board, not the RO, had jurisdiction over it. The decision of the lower adjudicative body, the RO, cannot finally decide an issue already on appeal to the Board, the higher administrative appellate body. *See Jones*, 23 Vet.App. at 125 ("an appeal can only be resolved by an appellate body, i.e., the Board").

9

The Court notes that, although the May 2010 claim stream also involved a claim for service connection for sleep apnea, albeit based on a purported claim to *reopen* the December 2008 sleep apnea claim, the resulting September 2010 RO decision was only able to grant service connection for sleep apnea effective May 28, 2010, and no earlier. *See* 38 U.S.C. § 5110(a) (the effective date that applies to a reopened claim for benefits is the date VA received the reopened claim or the date entitlement to the benefit arose, whichever is later). Although a Board decision was required to resolve Mr. Warren's appeal of his December 2008 claim, the November 2014 Board decision did not address the relevant issue on appeal (i.e., the issue of service connection for sleep apnea from December 2008); instead, it improperly focused on an issue not in appellate status, whether Mr. Warren was entitled to an earlier effective date for service connection for sleep apnea.

Given the foregoing, the Court agrees with the Secretary that the Board did not have jurisdiction to adjudicate an earlier effective date claim. Rather, it had jurisdiction to adjudicate the appeal of the December 2008 claim for entitlement to service connection for sleep apnea and any issue essentially related thereto, such as whether the veteran withdrew his appeal of that decision. *See Murphy*, 26 Vet.App. at 513-14; *Boyd*, 27 Vet.App. at 66; *Juarez*, 21 Vet.App. at 543; *Jarrell*, 20 Vet.App. at 330-32; *see also DeLisio*, 25 Vet.App. at 57.

Furthermore, because the Court holds that Mr. Warren's December 2008 claim was not withdrawn and is therefore pending, we reject the Secretary's argument that the veteran's only avenue to obtain service-connected disability benefits for sleep apnea prior to May 2010 is by filing a CUE motion as to the September 2010 RO decision. *See generally Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001) (if a claim remains pending, there is no final decision on that issue and there is no final decision to revise on the basis of CUE and the claim must be adjudicated).

## D. Remand

The Court holds that the Board clearly erred when it determined that Mr. Warren withdrew his appeal of the April 2009 RO decision denying the December 2008 claim for service connection for sleep apnea, and thus reverses that portion of the Board decision. *See* 38 U.S.C. § 7261(a)(4); *Kalman*, 18 Vet.App. at 525; *Gilbert*, 1 Vet.App. at 53. Therefore, on remand, the Board must address the merits of the December 2008 claim. This would require it to consider Mr. Warren's May 28, 2010, submission–a physician's statement that the veteran's treatment and medication for service-

connected asthma caused sleep apnea. *See* R. at 360, 362-63; *see also* 38 C.F.R. § 3.156(b) (2016) ("New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.").

On remand, the veteran is free to submit additional evidence and argument on the remanded matter, in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372–73 (1999) (per curiam order), and the Board must consider any such evidence or argument submitted. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002).

## III. CONCLUSION

Upon consideration of the foregoing, the Board's November 5, 2014, finding that Mr. Warren withdrew his appeal of the April 2009 RO decision is REVERSED, and the December 2008 claim for service connection for sleep apnea is REMANDED for further development, if necessary, and readjudication consistent with this decision.