# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 22-7476

IVAN CONCEPCION-MALDONADO, APPELLANT,

v.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided June 23, 2025)

*Sean A. Ravin*, of Coral Gables, Florida, for the appellant.

*Richard J. Hipolit*, Acting General Counsel; *Mary Ann Flynn*, Chief Counsel; *Mark D. Vichich*, Deputy Chief Counsel; and Michelle K. Sharpnack, all of Washington, D.C., were on the brief for the appellee.

Before GREENBERG, FALVEY, and LAURER, *Judges.*

LAURER, *Judge*: This case is before a panel to decide whether VA's grant of service connection in appellant's Veterans Appeals Improvement and Modernization Act of 2017 (AMA) case[1] mooted his appeal on an earlier claim in the legacy system.[2] Put differently, we must consider whether VA should treat the grant under the AMA as fully resolving the issue in the pending legacy appeal. And, if appellant's legacy appeal remains live, the Court should also provide the Board guidance on how to handle its jurisdiction and how it affects downstream elements with the legacy appeal.

United States Army veteran Ivan Concepcion-Maldonado appeals, through counsel, that part of a July 9, 2018, legacy decision from the Board of Veterans' Appeals (Board) denying service connection for a neck disability.[3] In his brief, the Secretary initially asked the Court to

---

[1] The Board processed appellant's supplemental claim under the modernized review system. Congress established the modernized review system with the AMA.

[2] Claims filed before the Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, 131 Stat. 1105 (codified as amended in scattered sections of 38 U.S.C.), went into effect are considered part of the legacy system. 38 C.F.R. § 3.2400(b) (2024); *Godsey v. Wilkie*, 31 Vet.App. 207, 214 n.2 (2019) (per curiam order).

[3] Record (R.) at 3-8. The Board also remanded entitlement to a rating above 10% for right shoulder impingement syndrome with rotator cuff tendinitis and entitlement to a total disability rating based on individual

dismiss the appeal, arguing that the July 2023 modernized rating decision by the VA agency of original jurisdiction (AOJ) that granted service connection for a neck disability mooted this appeal.[4] The Court called the case to a panel to address mootness in the context of a legacy appeal operating concurrently with a modernized claim stream. After the panel formed and the parties provided further briefing, the Secretary now agrees that the legacy appeal before the panel presents a live controversy.[5]

Although the parties now agree on the core mootness question, we're proceeding with a panel decision both because we're not bound by the parties' agreement on a jurisdictional matter[6] and because the case provides an opportunity to "clarify an existing rule of law" and "involve[s] a legal issue of continuing public interest."[7] Because the legacy and modernized systems run side-by-side, the fact pattern here isn't an uncommon scenario. And there's currently no Court precedent explicitly addressing mootness in the overlapping context of legacy and modernized case streams. So, despite breaking modest legal ground, the Court announces an explicit rule that we anticipate will help the parties and the Board when navigating a similar procedural circumstance. We hold that a VA grant in a modernized claim can't moot a legacy claim for the same benefit when an earlier effective date is possible through the legacy appeal.

As for the merits of the legacy appeal, Mr. Concepcion-Maldonado argues that the record reasonably raised a theory of direct service connection and that the Board erred when it didn't consider this theory.[8] The Secretary asks the Court to affirm the Board, arguing that the record didn't raise a direct service connection theory and that the Board already considered the evidence that appellant identifies.[9]

As explained below, we hold that the AOJ's grant of service connection in a modernized claim stream didn't moot the pending legacy appeal. Because the Board erred, the Court can still

---

unemployability. R. at 3. Because a Board remand isn't a final decision subject to judicial review, the Court lacks jurisdiction to review those claims. *See Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order)*; see also Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000).

[4] Secretary's Brief (Br.) at 5-7.

[5] Secretary's Surreply at 1.

[6] *Goss v. McDonough*, 122 F.4th 1332 (Fed. Cir. 2024) ("Courts . . . are not bound by stipulations on questions of law.")

[7] *Frankel v. Derwinski*, 1 Vet.App. 23, 26 (1990).

[8] Appellant's Br. at 5.

[9] Secretary's Br. at 5, 7-12.

grant relief by preserving the possibility of an earlier effective date. So we remand the matter for the Board to consider the theory of direct service connection for a neck disability.

## I. FACTUAL BACKGROUND

The case started on July 12, 2016, when appellant first applied to service connect "neck strain" under the legacy system.[10] The AOJ denied the claim in a November 2016 rating decision.[11] Appellant disagreed with the denial,[12] which led to the July 9, 2018, Board denial now on appeal.[13] On December 27, 2022, appellant filed his Notice of Appeal at the Court.[14]

While his legacy appeal was pending, on January 25, 2023, appellant filed a supplemental claim at VA under the modernized system to service connect his neck disability.[15] In a July 2023 rating decision, the AOJ granted service connection for degenerative joint disease of the cervical spine, effective January 25, 2023.[16]

At first, the Secretary asserted that the legacy appeal was moot because the AOJ granted service connection for a neck disability, so he maintained that appellant's effective date was a downstream issue. But after the Court ordered additional briefing,[17] the Secretary conceded that the appeal isn't moot.[18] And on April 7, 2025, appellant withdrew his motion for oral argument.[19]

---

[10] R. at 3223.

[11] R. at 3009-12.

[12] R. at 1985-86.

[13] R. at 3-8.

[14] Although appellant filed the NOA more than 120 days after the Board decision, the parties don't dispute its timeliness.

[15] *See* Secretary's Br. at Appendix A.

[16] *Id.*

[17] Dec. 23, 2024, Court Order (unpublished order).

[18] Secretary's Surreply at 1-2.

[19] Appellant's Response to Dec. 20, 2024, Court Order (April 7, 2025) ("In light of the Secretary's concession, and to conserve precious judicial resources, appellant . . . withdraws his motion for oral argument.).

## II. ANALYSIS

### A. *Legal Background*

The Court must ensure that it has jurisdiction to decide an appeal,[20] and we can only act based on the authority Congress has provided.[21] Generally, for the Court to take jurisdiction over an appeal from the Board, the Board must've adversely decided a matter against the claimant.[22] The Court also adheres to Article III of the U.S. Constitution's case-or-controversy jurisdictional requirements[23]—meaning that there must be a live issue for the Court to review.[24]

On an abstract level, the concept of mootness appears straightforward: the full grant of a benefit resolves the controversy. But existing caselaw shows that assessing mootness is often a nuanced inquiry that requires analyzing the details of the case. As described below, the Court has issued cases in recent years dealing with similar fact patterns, but we have yet to clearly articulate how the mootness analysis proceeds in the context of overlapping legacy and modernized claim streams. We do so here.

In all decisions, the Board must support its legal conclusions and factual determinations with adequate reasons or bases that enable appellant to understand the precise bases for its decision and facilitate this Court's review.[25] To satisfy this requirement, the Board must analyze the credibility and probative value of relevant evidence, account for the evidence it finds persuasive or unpersuasive, and provide reasons for rejecting any evidence favorable to appellant.[26] When the Board fails to provide adequate reasons or bases, remand is appropriate.[27]

---

[20] *Demery v. Wilkie*, 30 Vet.App. 430, 434 (2019) (per curiam order) ("The Court has an independent obligation to ensure that it has jurisdiction to act."); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))).

[21] This authority is outlined in 38 U.S.C. § 7252.

[22] *Clark v. McDonough*, 35 Vet.App. 317, 322 (per curiam order), *aff'd sub nom. Smith v. McDonough*, No. 2022-2213, 2024 WL 981143 (Fed. Cir. Mar. 7, 2024) (nonprecedential per curiam judgment).

[23] *Kernz v. McDonough*, 36 Vet.App. 372, 381 (2023) (en banc order); *Cardona v. Shinseki*, 26 Vet.App. 472, 474 (2014) (per curiam order); *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990).

[24] *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam) ("When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction.").

[25] 38 U.S.C. § 7104(d)(1); *Washington v. Nicholson*, 19 Vet.App. 362, 366-67 (2005).

[26] *Washington*, 19 Vet.App. at 366-67.

[27] *Tucker v. West*, 11 Vet.App. 369, 374 (1998) (stating that remand is appropriate "where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where

4

The Board must address all issues and theories reasonably raised by the claimant or the evidence.[28] The Court applies the "clearly erroneous" standard[29] to review the Board's denial of service connection[30] and whether the record reasonably raises a theory.[31] Under this standard of review, the Court must affirm the Board's findings so long as there's plausible support for them in the record.[32] In short, the Court reviews the Board's factual findings and doesn't weigh the evidence itself.[33]

### B. Parties' Arguments

As to the issue of mootness, the parties interpret the Court's caselaw differently. Appellant contends that the Court's caselaw has "evolved"[34] on mootness and suggests that an AOJ grant can never divest the Board of jurisdiction over a pending appeal.[35] Although the Secretary concedes that the legacy appeal here isn't moot, he asserts that there are still scenarios "in a pure legacy context" where an AOJ grant can moot a pending appeal.[36]

As to the merits of the underlying Board decision, appellant asserts that the Board erred when it didn't consider service connection for a neck disability on a direct basis.[37] He says that the record raised that theory of entitlement when he claimed that his neck and shoulder symptoms

---

the record is otherwise inadequate").

[28] *Robinson v. Peake*, 21 Vet.App. 545, 552 (2008), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009).

[29] 38 U.S.C. § 7261(a)(4); *see also Shinseki v. Sanders*, 556 U.S. 396, 406-07 (2009) (holding that under 38 U.S.C. § 7261(b)(2), the Court's review of the Board's decision must "take due account of the rule of prejudicial error").

[30] Generally, to establish service connection for a disability, a veteran must show (1) a current disability, (2) an in-service incurrence or aggravation of a disease or injury, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. *Shedden v. Principi*, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

[31] *Garner v. Tran*, 33 Vet.App. 241, 246-47 (2021) (noting that the Court can "determine in the first instance whether the record reasonably raised a particular issue" even though it's "essentially a factual question.").

[32] *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990).

[33] *Deloach*, 704 F.3d at 1380.

[34] Appellant's Reply Br. at 5.

[35] *Id*. at 5-7 (citing *Bailey v. Wilkie*, 33 Vet.App. 188 (2021); *Philbrook, v. Wilkie*, 32 Vet.App. 342 (2020), *reversed on other grounds by Philbrook v. McDonough*, 15 F.4th 1117 (Fed. Cir. 2021); *Warren v. McDonald*, 28 Vet.App. 214 (2016)).

[36] Secretary's Supp. Br. at 11 (citing *Jones v. Shinseki*, 23 Vet.App. 122 (2009); *Juarez v. Peake*, 21 Vet.App. 537 (2009); *Myers v. Principi*, 16 Vet.App. 228 (2002); *Henderson v. West*, 11 Vet.App. 245 (1998) (per curiam order)).

[37] Appellant's Br. at 6-10.

5

began at the same time, since VA has recognized that his shoulder injury happened in service.[38] The Secretary responds that "[a]ppellant simply disagrees with how the Board interpreted the evidence."[39] To support this position, the Secretary notes that the Board addressed all the evidence that appellant now identifies as raising the theory of direct service connection and still denied the claim.[40]

### C. Appellant's Legacy Appeal Isn't Moot

An appeal is live when there's still outstanding relief that the Court can provide.[41] In this case, legacy and modernized claim streams happen to operate concurrently.[42] Appellant's Board appeal for a neck disability and his supplemental claim for a neck disability ran independently and in parallel in the legacy and modernized systems. But now that VA has granted appellant's claim in the modernized system, there's an overlap where one claim may legally affect the other, especially when looking at effective dates. This point of overlap is the focus of our analysis.

Appellant's January 2023 supplemental claim and the related July 2023 rating decision are in the modernized system.[43] In that claim stream, the AOJ assigned an effective date of January 25, 2023—the date that VA received appellant's supplemental claim.[44] And generally an effective date in a modernized claim can't predate the date of claim.[45] Meanwhile, the claim stream that culminated in the July 2018 Board decision now on appeal is in the legacy system. Appellant submitted his original claim on July 12, 2016, and both parties agree that he's potentially eligible for an earlier effective date that aligns with his original claim in the legacy stream.[46] For that

---

[38] *Id*. at 8.

[39] Secretary's Br. at 10.

[40] *Id*. at 9-10 (citing R. at 5).

[41] *Philbrook*, 32 Vet.App. at 345 (citing *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 377 (2019)).

[42] *Mattox v. McDonough*, 34 Vet.App. 61, 68 (2021) ("Importantly, although Congress created a new adjudicatory system in the AMA, it did not eliminate the then-existing system . . . This concurrent system of adjudication is a centerpiece of Congress's design . . . .").

[43] VA processed appellant's supplemental claim under the modernized review system. Congress established the modernized review system with the AMA.

[44] *See* Secretary's Br. at Appendix A.

[45] 38 U.S.C. § 5110(a)(1) (2024) ("Unless specifically provided otherwise in this chapter, the effective date of an award based on an initial claim, or a supplemental claim, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.").

[46] Appellant's Reply Br. at 7; Secretary's Surreply at 11-13; *see also* 38 U.S.C. § 5110(a) (2018) ("Unless

---

reason, there's additional relief the Court can provide here: the opportunity for an earlier effective date attached to the legacy claim.

Because the parties disagree on the caselaw, we'll dive deeper into the principles behind our decision. There are two seemingly contradictory principles at play. On one hand, effective dates are traditionally a downstream element and not something the Board considers when it's faced with an appeal for service connection.[47] For that reason, in *Henderson v. West*, the Court held that the legacy appeal of a denial before it was moot after the AOJ granted service connection on a legacy claim.[48] On the other hand, an AOJ decision can't divest the Board of jurisdiction over a pending appeal.[49]

*Henderson* remains good law, so we don't rule out the possibility that, in some cases, the Board may consider a pending appeal after an AOJ grant and conclude that there's no longer a controversy. But we know that an appeal isn't moot where, as here, the claimant can only receive full relief by continuing to pursue the claimant's pending appeal. This importance is heightened when we have tension between effective dates due to overlapping procedural systems. Yes, the legacy system is being phased out. But VA can't accelerate that process by effectively extinguishing claims in the modernized system.

Recent caselaw is helpful here. In *Bailey v. Wilkie*, the Court remanded a legacy appeal for the Board to consider issues of service connection that it failed to adjudicate, even though the AOJ had granted service connection in a modernized claim stream.[50] The *Bailey* Court explained that remand "preserve[d] the possibility of an earlier effective date."[51] Similarly, in *Johnson v. Collins*,

---

specifically provided otherwise in this chapter . . ., the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.")

[47] *Monk v. Wilkie*, 32 Vet.App. 87, 98 (2019) ("The effective-date issue lies downstream from the initial grant of benefits, and the initial NOD that appealed the denial of benefits cannot initiate appellate review of the downstream element." (citing *Grantham v. Brown*, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997); *Urban v. Principi*, 18 Vet.App. 143, 145 ("To the extent that [appellant] is arguing that the Board must assign, sua sponte, an effective date once it awards a rating of TDIU on appeal from [a regional office] decision, such an argument is unavailing unless an NOD is then of record as to the downstream issue of an effective date for the assignment of that rating.").

[48] 11 Vet.App. at 245.

[49] *Bailey*, 33 Vet.App. at 204 ("[T]he RO decision could not and did not divest the Board of jurisdiction over the veteran's initial appeal, and a remand is necessary to process that appeal to completion.") (citing *Warren v. McDonald*, 28 Vet.App. 214, 221 (2016), and *Jones v. Shinseki*, 23 Vet.App. 122, 125 (2009)).

[50] 33 Vet.App. at 204.

[51] *Id*.

7

the Court remanded a legacy appeal to the Board where the AOJ had granted service connection for the conditions at issue in a modernized claim based on a liberalizing law: the Sergeant First Class Heath Robinson Honoring our Promise to Address Comprehensive Toxics Act of 2022.[52] Although the *Bailey* and *Johnson* Courts didn't explicitly focus on the interplay between the legacy and modernized systems, both highlighted situations in which an appellant couldn't obtain full relief by pursuing an effective date only as a downstream issue in their modernized claim. We conclude that mootness is a case-specific inquiry requiring the Court to reckon with the individual circumstances of the appeal and the implications for appellant's ability to obtain full relief.

In sum, we hold that a VA grant in a modernized claim can't moot a legacy claim for the same benefit when, as here, resolving the legacy appeal makes an earlier effective date possible. A grant in the modernized system doesn't equate to withdrawing a claim in the legacy system. Thus, we hold that the AOJ's grant of service connection for a neck disability in the modernized claim stream doesn't moot the legacy appeal under these circumstances. Appellant is still owed legacy processing because his potentially earlier effective date is tied to his claim in the legacy system. With jurisdiction resolved, we next turn to the merits of the case.

### D. The Board Erred When It Didn't Address a Direct Theory of Service Connection

We agree with appellant that the record reasonably raises a theory of direct service connection. The Secretary correctly notes that the Board doesn't need to "'invent[] and reject[] every conceivable argument.'"[53] But the Court reviews appellant's filings to the Board sympathetically, given that he was pro se at that time.[54] We note that appellant explicitly reported that his neck and shoulder symptoms started together.[55] What's more, he expressed confusion that his service treatment records didn't document those neck symptoms.[56] Because appellant told the Board that he believed his service records should've documented his neck symptoms, we hold that his statements reasonably raised that he was also alleging service connection on a direct basis.[57]

---

[52] __Vet.App.__, at *1-2 (March 26, 2025).

[53] Secretary's Br. at 11 (quoting *Robinson*, 21 Vet.App. at 553).

[54] *De Perez v. Derwinski*, 2 Vet.App. 85, 86 (1992).

[55] R. at 163, 3118.

[56] R. at 163 ("Since the moment that I started receiving trea[t]ment for my sho[u]lders, I was telling the doctors, that I also had pain in my neck. I do not under[s]tand why it does not refle[c]t on my medical record.").

[57] *See Robinson*, 21 Vet.App. at 553 ("As a nonadversarial adjudicator, the Board's obligation to analyze claims goes beyond the arguments explicitly made.").

The Court acknowledges the Secretary's argument that the Board already addressed the evidence that appellant identifies.[58] But the Secretary's argument asks the Court to, in effect, find that there's no way that the Board could've reached a different conclusion if it interpreted that evidence through a different lens—that of a direct service connection theory. This is especially apparent because the VA compensation and pension exam that the Board relied on gave a nexus opinion only for secondary service connection.[59] The Court can't weigh the evidence to assess whether appellant merited service connection on a direct basis.[60] And because the Board didn't analyze or assess the theory of direct service connection in its decision, we can't conclude that the reasons or bases error was harmless.[61] Since the Court can't impart meaning to the facts, we remand for the Board to review the theory of direct service connection and readjudicate appellant's claim.[62]

On remand, appellant may submit additional evidence and argument; he has 90 days to do so from the date of VA's postremand notice.[63] Appellant may want to submit any new arguments directly to the Board because, if there's another appeal to the Court, he risks the Court determining that those arguments were exhausted.[64]

---

[58] Secretary's Br. at 9-10.

[59] *See* R. at 5-6, 3126-27.

[60] *See Washington,* 19 Vet.App. at 369 (declining to assess the weight of a medical opinion and explaining that it is the Board's, and not the Court's, responsibility to weigh the evidence); *Evans v. McDonald*, 27 Vet.App. 180, 187 (2014) (en banc) ("[I]t is the prerogative of the factfinder . . . to interpret the evidence and draw reasonable inferences from it."), *aff'd per curiam*, 642 F. App'x 982 (Fed. Cir. 2016); *Deloach*, 704 F.3d at 1380 ("[T]he evaluation and weighing of evidence are factual determinations committed to the discretion of the factfinder—in this case, the Board.").

[61] *See Andrews v. McDonough*, 34 Vet.App. 216, 222 (2021) (explaining that the probative value of evidence is highly contextual and it's often difficult to assess how a particular error impacts the overall evidentiary picture); *Wagner v. United States*, 365 F.3d 1358, 1365 (Fed. Cir. 2004) ("Where the effect of an error on the outcome of a proceeding is unquantifiable, however, we will not speculate as to what the outcome might have been had the error not occurred."); *Southall-Norman v. McDonald*, 28 Vet.App. 346, 356 (2016) (remanding the matter when the Court could not conclude that a reasons-or-bases error was harmless).

[62] *See Elkins v. Gober*, 229 F.3d 1369, 1377 (Fed. Cir. 2000) (reiterating that, because of the Board's expertise, the Board, and not the Court, is responsible for factfinding).

[63] *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order).

[64] *See Scott v. McDonald*, 789 F.3d 1375, 1377 (Fed. Cir. 2015) (explaining that courts have long recognized "the importance of issue exhaustion with respect to administrative tribunals" because "'orderly procedure and good administration require that [an appellant bring procedural objections before the agency] . . . while [the agency] has opportunity for correction in order to raise issues reviewable by the courts.'" (second alteration in original) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952))).

9

**III. CONCLUSION**

For these reasons, the Court VACATES that part of the July 9, 2018, Board of Veterans' Appeals decision denying service connection for a neck disability, and it REMANDS the matter for proceedings consistent with this decision.